[No. 22549.   Department One.   December 30, 1930.]

HAROLD HIMMELSBACH, *Appellant*, v. L. BALLINGER, *Respondent*.[1]

*Geo. H. Mullins*, for appellant.
*Snively & Bounds*, for respondents.

PARKER, J.—The plaintiff Himmelsbach seeks recovery in the sum of three hundred dollars for injuries to

[1]Reported in 294 Pac. 576.

2

his automobile resulting, as he claims, from the negligent driving by the defendant Ballinger of his automobile, causing a collision between their respective automobiles at a highway intersection just outside the corporate limits of the city of Yakima. The cause was tried in the superior court for Yakima county sitting without a jury, which trial resulted in a judgment denying to the plaintiff recovery, from which he has appealed to this court.

The assigned errors only challenge the correctness of the judgment upon the merits; that is, that the trial judge did not correctly decide the cause upon the evidence introduced. A careful reading of all the evidence introduced upon the trial renders it plain to us that neither the question of the defendant's negligence nor the question of the plaintiff's contributory negligence can be decided as a question of law. So, the cause having been tried by the court without a jury, we are only called upon to determine whether or not the evidence preponderates against the judgment denying to the plaintiff recovery. The cause was decided by the trial judge against the plaintiff, upon the conclusion of all of the plaintiff's evidence, in response to an appropriate motion made by counsel for the defendant at that stage of the trial. This, of course, called for a decision of the trial judge upon the merits as a matter of fact and not as a matter of law, since it did not present to the trial judge the question of submitting to or taking away from a jury the consideration of the merits of the case.

The only testimony of what occurred at the time of, and immediately preceding, the collision of the cars in the intersection is the testimony of the plaintiff himself. There is a sense in which the evidence is not conflicting; but nevertheless there is the question of the credibility of the plaintiff's testimony,

more particularly a question as to the correctness of his estimates of the proximity of the respective automobiles to each other as they approached the crossings as to their respective speeds, as to his care, and as to which should, under the existing conditions, have yielded the right of way. We cannot see our way clear to decide that the evidence so clearly preponderates in support of an affirmative judgment in favor of the plaintiff that we should disturb the judgment denying such a recovery.

The judgment is affirmed.

MITCHELL, C. J., MAIN, TOLMAN, and HOLCOMB, JJ., concur.