[No. 581-3.    Division Three.    May 1, 1973.]

JAMES C. BERGREN, *Respondent,* v. ADAMS COUNTY, *Appellant.*

*Richard W. Miller, Prosecuting Attorney,* for appellant.

*Joe McAdams,* for respondent.

GREEN, C.J.—Defendant, Adams County, appeals from an order denying a motion to vacate a default judgment entered against it in favor of plaintiff, James C. Bergren.

On May 9, 1969, plaintiff was injured and his car demolished in a single-car accident. As a result, on September 2, 1969 he filed a claim for damages with the Adams County Board of Commissioners. The board did not notify plaintiff of any action taken on his claim. On December 17, 1969, plaintiff commenced this action against Adams County and Franklin County for damages. The complaint alleged in part:

II

That on or about May 9, 1969, Plaintiff was operating a motor vehicle on a public highway known as "Booker Road"; that said "Booker" Road is located in Adams County and Franklin County, Washington; That Plaintiff, in operating his said automobile, was traveling from Adams County toward Franklin County, and near the boundary line between the said two counties approximately one-half mile northwesterly of the intersection of said "Booker Road" with the public highway known as "Washington State Highway No. 17".

III

That at the said time and place the surface of the road was permitted by the said Defendants to become hazardous and dangerous for travelers using said "Booker Road" and said Defendants failed in any way to properly

indicate such hazardous and dangerous condition by erecting appropriate signs, and as a proximate result of the failure of the Defendants to maintain the surface of said "Booker Road" in a safe and proper condition and failure to properly indicate such condition, the Plaintiff lost control of his automobile which overturned and was totally demolished, and the Plaintiff sustained bodily injuries as a proximate result of the aforesaid negligence by the said Defendants.

Plaintiff sought a recovery of $50,000 for personal injuries and $2,300 for property damage.

Adams County failed to enter an appearance. On November 25, 1970, plaintiff obtained an order of default against it. Findings of fact, conclusions of law and judgment were thereupon entered awarding plaintiff $13,192.59 in damages, $2,300 for property damage and $10,892.59 for bodily injuries. We do not have a statement of facts covering the default proceedings. However, the findings and conclusions recite that plaintiff appeared in person with his attorney; further, the claim filed with the Adams County Board of Commissioners on September 2, 1969 was admitted as an exhibit in the default proceedings. This claim asserts that Adams County allowed Booker Road within Adams County to become hazardous to travelers by allowing an abrupt termination of a blacktop surface into a relatively deep crushed rock or gravel surface without providing any warning to travelers with respect thereto. Plaintiff, who was traveling below the minimum posted speed limit on Booker Road in Adams County, lost control of his car when it passed from the blacktop surface into the crushed gravel. As a result, plaintiff sustained damages.

On January 28, 1972, defendant moved to vacate the November 25, 1970 default judgment. Pursuant to stipulation of counsel, the court on February 18, 1972 heard testimony presented by defendant with respect to the motion, following which the motion was denied. This appeal followed.

In support of its motion, defendant relied upon the following portions of CR 60 (b):

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertance, surprise, excusable neglect or irregularity in obtaining a judgment or order;

. . .

(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(5) The judgment is void;

. . .

(11) Any other reason justifying relief from the operation of the judgment.

The trial court correctly refused to vacate the judgment based on CR 60(b)(1) for mistake, inadvertence, surprise, excusable neglect, or irregularity. CR 60(b) allows vacation upon this ground if the motion to vacate is presented "not more than 1 year after the judgment . . . was entered or taken." CR 60(b). CR 6(b) prohibits an extension of the time for taking any action under CR 60(b). Adams County filed its motion to vacate 14 months after judgment was entered against it; thus, it comes too late.

■ It is next contended the judgment should have been vacated because it was void. In support of this contention, defendant alleges that the accident did not occur in its county; that it had no duty to warn of a danger located in Franklin County; and that it is in no way responsible to plaintiff. We disagree. The contentions of defendant present a factual issue that could have been litigated if defendant had appeared. It did not appear and cannot now litigate this issue under CR 60(b)(5) allowing vacation of a void judgment. A judgment is void if the court lacks jurisdiction of the parties or of the subject matter, or lacks the inherent power to make or enter the particular order involved. *Dike v. Dike*, 75 Wn.2d 1, 448 P.2d 490 (1968); *Metropolitan Fed. Sav. & Loan Ass'n v. Greenacres Memorial Ass'n*, 7 Wn. App. 695, 502 P.2d 476 (1972); *see* 4 Orland, Wash. Prac. 422 (2d ed. 1968); *see* 7 J. Moore, *Federal Practice* ¶ 60.25, at 296 (2d ed. 1972). In the instant case, the court had

jurisdiction over the parties and the subject matter and it had the power to enter the judgment. The trial court properly refused to vacate the judgment under CR 60(b)(5) because the judgment was not void.

Neither does the record support the defendant's contention that judgment should have been set aside for fraud, misrepresentation, or misconduct of plaintiff under CR 60(b)(4). There is no evidence to support this contention.

Next, it is contended the judgment should have been vacated for other reasons under CR 60(b)(11). We disagree. Defendant's position rests again upon a challenge to the findings and conclusions entered by the court based upon the assertion that defendant has a meritorious defense, namely, the accident did not occur in Adams County and defendant had no duty to warn of a defect in Franklin County. Defendant seeks to argue a question of fact that comes too late. Its tardiness is explained only by the argument of excusable neglect or mistake by its auditor and attorney.[1] This does not constitute an "other reason" within CR 60(b)(11); rather, it falls within CR 60(b)(1) and cannot be asserted after 1 year from the date of judgment. 4 Orland, Wash. Prac. 423 (2d ed. 1968); 7 J. Moore, *Federal Practice* ¶ 60.27, at 352 (2d ed. 1972). Furthermore, defendant has not presented a prima facie defense of non-liability.[2]

It is urged that the judgment is not a final judgment under CR 54(b)[3] until the action against Franklin

---

[1]Counsel on appeal is not the attorney who represented Adams County at the time this action was commenced.

[2]Adams County was found negligent because of its failure to warn travelers that its blacktop road was abruptly terminated into deep gravel. There are no facts presented refuting this claim.

[3]Defendant's reliance upon *Ferguson v. Bartels Brewing Co.*, 284 F.2d 855 (2d Cir. 1960), is misplaced. As indicated in its per curiam opinion denying a petition for rehearing, the decision rested upon its holding that a single claim rather than a multiple claim was involved. Since Fed. R. Civ. P. 54(b) did not apply to multiple parties, the judgment was not final or appealable. In 1961, the rule was changed. CR 54(b), patterned after the federal amendment, applies to multiple

County is completed. We disagree. The trial court expressly determined that there was no just reason for delay in entering judgment against Adams County. The judgment complied with CR 54(b) and became final for all purposes. This determination is understandable in light of the record. Plaintiff was proceeding on a blacktop surface road in Adams County towards Franklin County. Near the line between the two counties, the blacktop surface terminated and a deep gravel surface commenced. Adams County placed no warning sign on the road preceding this significant change in road condition. The trial court found that the failure to warn was negligence on the part of Adams County and entered judgment. The negligence of Franklin County in its maintenance of the road within its county was an issue resting upon an independent act of negligence subject to independent litigation. We find no error.

Likewise, the argument that where liability of defendants is joint a judgment should not be entered against a defaulting defendant until the liability of the other defendant has been determined does not apply. As indicated previously, the court in reaching its determination that there was no just reason for delay must have determined liability was not joint, but several—resting upon independent acts of negligence.

Finally, defendants argue that general findings as to the amount of damage do not comply with CR 55(b)(2) which requires a hearing and findings of fact and conclusions of law. We disagree. It is evident the court heard evidence at the time the default was entered because (1) plaintiff was present, (2) the claim of September 2, 1969 was admitted as exhibit No. 1, and (3) the court awarded approximately one-fifth of the amount prayed for in the complaint, indicating the evidence was weighed. Findings and conclusions were entered. They cannot be challenged collaterally on this appeal.

---

parties, as well as multiple claims; *Ferguson* does not apply. *See* 6 J. Moore, *Federal Practice* ¶ 54.34[2.—2], at 559 (2 ed. 1972).

 A motion to vacate a default judgment is addressed to the discretion of the court, and the exercise of that discretion will not be disturbed unless abuse thereof is clearly shown. *Carmichael v. Carmichael,* 5 Wn. App. 715, 490 P.2d 442 (1971); *Beckett v. Cosby,* 73 Wn.2d 825, 440 P.2d 831 (1968). The trial judge before whom the default judgment was entered was the same judge who denied the motion to vacate. In light of the entire record, we find no clear abuse of discretion in the denial of the motion to vacate.

The order denying defendant's motion to vacate is affirmed.

MUNSON and MCINTURFF, JJ., concur.

Petition for rehearing denied June 11, 1973.

Review denied by Supreme Court August 27, 1973.