[No. 42003-8-I. Division One. March 1, 1999.]

HAROLD FRIEBE, SR., ET AL., *Appellants*, v. JAMES SUPANCHECK, ET AL., *Respondents*.

*David James Lawyer*, for appellants.
*Scott Channing Wakefield* of *Todd & Wakefield*, for respondents.

WEBSTER, J. — The Appellants Harold Friebe Sr. and Harold Friebe entered into a purchase and sale agreement with the Respondents James and Kristen Supancheck for the purchase of the Supanchecks' real property that generated three rents. After the deal fell apart because one of the apartments was an illegal use, the Friebes sued the Supanchecks for breach of contract, misrepresentation, and violation of the Consumer Protection Act (CPA).

Despite being properly served, the Supanchecks did not appear in the action because they mistakenly believed their realtor's attorney would represent them. The Friebes obtained a default judgment against the Supanchecks. Over a year later, the Supanchecks moved for relief from the judgment, which the trial court granted under CR 60(b)(11) and *Caouette v. Martinez*, 71 Wn. App. 69, 856 P.2d 725 (1993). The trial court subsequently granted the Supanchecks' motion for summary judgment on all claims.

The Friebes appeal the vacation of the default judgment and the summary judgment in favor of the Supanchecks. The Supanchecks cross appeal, challenging: (1) the amount of the award of attorney fees to the Friebes as terms on the vacation of the judgment; and (2) the amount of attorney fees awarded to the Supanchecks as prevailing parties on summary judgment. Because we find no extraordinary circumstances justifying a vacation of the default judgment under CR 60(b)(11), we vacate the summary judgment, reverse the vacation of the default judgment, and reinstate in full the default judgment in favor of the Friebes.

## I. BACKGROUND

The Friebes were prospective purchasers of a rental property owned by the Supanchecks. The property consisted of three units from which three rents were collected. The Supanchecks listed the property with their real estate agent Sid Pederson of George Johnson Realty. The listing described the property as "2 two-bedroom units with large 2 br mother-in-law." Clerk's Papers (CP) at 38. The "Metroscan" report described the property as a triplex.

On December 21, 1992, the Friebes and the Supanchecks entered into a real estate purchase and sale agreement. Before closing, the Friebes received and reviewed the Certificate of Land Use and Local Assessments which showed that the land was zoned for single-family residential use and that the last permitted construction on the property was a duplex. Because the Friebes viewed the third unit as illegal and the Supanchecks did not obtain a variance or lower the price, the deal never closed.

On August 30, 1995, the Friebes sued the Supanchecks, Sid Pederson, and George Johnson Realty for breach of contract, misrepresentation, and violation of the Washington CPA. The Supanchecks were served at their residence in California on September 7, 1995.

After being served, the Supanchecks contacted Pederson to investigate why they had been sued. The Supanchecks

claim that Pederson told them that the attorney appearing for Pederson and the realtor would also appear for the Supanchecks and represent them in the matter. Although the Supanchecks remained under the assumption that they were represented in the action, the attorney representing Pederson and George Johnson Realty did not appear for the Supanchecks. No one appeared for the Supanchecks.

The Supanchecks received a copy of a Release and Settlement Agreement between the Friebes and the real estate agent and realtor. The Supanchecks assumed the agreement released the claims against them.

The court entered a default judgment against the Supanchecks on March 18, 1996. The default judgment included the principal amount of $36,723, attorney fees in the amount of $5,000, and costs in the amount of $117.45. The Supanchecks did not know of the default judgment until March 20, 1997, when they received notice of garnishment proceedings against them in California. On April 1, 1997, they moved to set aside the default and judgment. On April 3, 1997, the trial court vacated the default judgment as to the amount of damages only. The Court made the following findings:

1. Good cause exists for setting aside the default order and judgment under CR 60(b)(11);

2. Defendants Supancheck have alleged a meritorious defense to the plaintiff's [sic] claim;

3. Defendants Supancheck acted with due diligence after notice of entry of the default judgment against them; and,

4. Plaintiffs will not suffer substantial hardship if the default judgment is set aside and defendants Supancheck are permitted to enter a defense in this action.

CP at 97. The court struck a proposed finding that "[d]efendants Supancheck's [sic] failure to appear and answer was due to excusable neglect." CP at 97. The court also ordered that the Friebes would recover their fees in responding to the motion to vacate. Subsequently, the court

set this award amount at $3,500. This amount represented an increase from the $3,468 requested.

On May 14, 1997, the trial court vacated the judgment as to liability. The court stated:

> IT IS HEREBY ORDERED that under CR 60(b)(11) and *Caouette v. Martinez*, 71 Wn. App. 69, 856 P.2d 725 (1993), a default order as well as a judgment may be vacated if ". . . based upon incomplete, incorrect or conclusory factual information." This permits the court, if meritorious defenses are alleged, to vacate the default order establishing liability. Although no facts or law support a defense of election of remedies/rescission, there may be a meritorious defense to the misrepresentation cause of action.

CP at 144.

On November 21, 1997, the trial court granted the Supanchecks' motion for summary judgment on all claims. The purchase and sale agreement provides that the prevailing party on any suit arising out of the agreement is entitled to court costs and reasonable attorney fees. On December 17, 1997, the court awarded the Supanchecks reasonable attorney fees in the amount of $12,500. This award was reduced from the $19,359.37 requested.

## II. RELIEF FROM JUDGMENT UNDER CR 60(b)

■ ■ "Default judgments are not favored in the law." *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). Controversies are better decided on the merits rather than by default. *See id.* Weighing against this principle is the need for a structured, orderly judicial system. *See id.* "A proceeding to vacate a default judgment is equitable in character and relief is to be afforded in accordance with equitable principles." *Id.* The fundamental guiding principle is to do justice. *See id.* at 582.

Relief from a default judgment is governed by these equitable principles, but the grounds and procedures for vacating a judgment are provided in CR 60. *See id.* CR 60(b) provides, in part:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

. . . .

(11) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken. . . .

CR 60(e)(1) requires that a motion for relief be "supported by the affidavit of the applicant or his attorney setting forth a concise statement of the facts or errors upon which the motion is based, and if the moving party be a defendant, the facts constituting a defense to the action or proceeding." A trial court's decision to vacate a judgment under CR 60(b) is reviewed for abuse of discretion. *See Griggs*, 92 Wn.2d at 582. "Abuse of discretion is less likely to be found if the default judgment is set aside." *Id.*

A. The Trial Court Abused Its Discretion in Vacating the Default Judgment Under CR 60(b)(11)

■ ■ "The use of CR 60(b)(11) 'should be confined to situations involving extraordinary circumstances not covered by any other section of the rule.' " *In re Marriage of Yearout*, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (finding that a separation agreement's unfairness and a petitioner's unstable emotional condition at the time of the dissolution decree did not constitute extraordinary circumstances justifying relief under CR 60(b)(11)) (quoting *State v. Keller*, 32 Wn. App. 135, 140, 647 P.2d 35 (1982)). "Such circumstances must relate to irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings." *Yearout*, 41 Wn. App. at 902.

Furthermore, CR 60(b)(11) cannot be used to circumvent the one-year time limit applicable to CR 60(b)(1). In *Bergren v. Adams County*, 8 Wn. App. 853, 855, 509 P.2d 661 (1973), the plaintiff obtained a default judgment against the County when it failed to appear. Fourteen months later, the County moved to vacate the default judgment. *See id.* The trial court correctly refused to vacate the judgment under CR 60(b)(1) because the motion was more than a year after the judgment. *See id.* at 856. The County alternatively contended that the judgment should be vacated under CR 60(b)(11), arguing that it had a meritorious defense, namely that the accident underlying the cause of action did not occur in Adams County. *See Bergren* at 857. The court disagreed that the judgment could be properly vacated under CR 60(b)(11), stating:

> Defendant seeks to argue a question of fact that comes too late. Its tardiness is explained only by the argument of excusable neglect or mistake by its auditor and attorney. This does not constitute an "other reason" within CR 60(b)(11); rather, it falls within CR 60(b)(1) and cannot be asserted after 1 year from the date of judgment.

*Id.* (footnote omitted).

■ We find no extraordinary circumstances in this case to justify the vacation of the default judgment under CR 60(b)(11). The Supanchecks' failure to appear may be attributed only to mistake, inadvertence, or excusable neglect under CR 60(b)(1), and relief under that section is precluded due to the one-year time limit. CR 60(b)(11) may not be used to circumvent the time limit imposed in CR 60(b)(1). The Supanchecks suggest that the Friebes attempted a "legal sleight-of-hand" in waiting over one year to collect on the default judgment. But waiting more than a year to execute a judgment is not characterized as unfair or deceptive. *See Allison v. Boondock's, Sundecker's & Greenthumb's, Inc.*, 36 Wn. App. 280, 285-86, 673 P.2d 634 (1983).

## B. Vacation of the Default Judgment Was Not Proper Under *Caouette*

The trial court in this case explicitly relied on *Caouette* in vacating the default judgment under CR 60(b)(11). The court initially vacated the default judgment only with respect to damages and later vacated with respect to liability. We find that the default judgment was based only on the contract claim[1] and find that Harold Friebe's declaration in support of the default judgment is sufficient in regards to both liability and damages.

In *Caouette*, the plaintiff alleged negligent entrustment arising out of an automobile accident. *See* 71 Wn. App. at 70-71. The trial court found that the default judgment was inequitable because there was no factual basis to support the negligent entrustment allegation in the complaint. *See id.* at 77. The plaintiff argued that she could rely on the unanswered allegations in the complaint. *See id.* at 79. This court disagreed because the plaintiff's affidavit submitted in support of the judgment failed to support the allegations. *See id.* Specifically, there was no factual basis to determine the owner of the automobile or the relationship between the defendant and the driver. *See id.* at 78. This court stated that CR 60(b)(11) "supports vacation of a default order and judgment that is based upon incomplete, incorrect or conclusory factual information." *Id.* We interpret *Caouette* as requiring only that the party seeking a default judgment set forth facts supporting, at a minimum, each element of the claim.

In Harold Friebe's declaration, he sets forth the following: (1) the purchase and sale agreement; (2) the before-closing discovery of the certificate of land use showing legal use of the property only as a duplex; (3) the Supanchecks' failure to deliver the property with a certificate of land use showing that the property could legally generate three rents; and (4) damages. Thus, the Friebes set forth the Supanchecks' failure to deliver the property as contemplated

---

[1]Because we find that the default judgment was based on the contract claim, we do not need to address the parties' arguments relating to the misrepresentation claim.

by the parties in the agreement, which is sufficient to support a default judgment for the breach of contract claim.

■ The Friebes' damages calculation is sufficient to support the default judgment. Benefit of the bargain damages are available for a breach of a purchase and sale agreement. *See Hardinger v. Till*, 1 Wn.2d 335, 339, 96 P.2d 262 (1939). The damages are the difference between the contract price and the fair market value of the property at the time of the breach. *See id.*; *see also Platts v. Arney*, 50 Wn.2d 42, 46, 309 P.2d 372 (1957). The Friebes used the capitalization of income method to arrive at the fair market value of the property. The Washington Supreme Court has approved the capitalization of income as an appropriate method for determining the fair market value of real property. *See Sahalee Country Club, Inc. v. State Bd. of Tax Appeals*, 108 Wn.2d 26, 33, 735 P.2d 1320 (1987).

C.  CR 60(b) Terms and Attorney Fees

The trial court conditioned the vacation of the default order and judgment upon terms of an award of $3,500 in attorney fees to the Friebes for defending against the motion to vacate. *See* CR 60(b). Because we reinstate the default judgment in full, we vacate the award of terms to the Friebes.

Furthermore, because we vacate the summary judgment, the Supanchecks are not the prevailing parties, and we vacate the award of $12,500 in attorney fees in their favor. We deny the Supanchecks' request for attorney fees on appeal.

Finally, the Friebes request attorney fees on appeal and below. Because the contract provides for costs and reasonable attorney fees to the prevailing party, Friebes are entitled to costs and reasonable attorney fees below and on appeal.

## III. CONCLUSION

We vacate the summary judgment, reverse the vacation of the default judgment, and reinstate in full the default

judgment in favor of the Friebes. We vacate the award of $3,500 in attorney fees to the Friebes as terms on the vacation. We vacate the award of $12,500 in costs and attorney fees to the Supanchecks. We remand to the trial court for a determination of the Friebes' costs and reasonable attorney fees below. We grant the Friebes' request for attorney fees on appeal upon their compliance with RAP 18.1.

COLEMAN and COX, JJ., concur.