FILED
COURT OF APPEALS
DIVISION II

2013 APR 16 AM 9: 08

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| IN THE MATTER OF THE<br>DETENTION OF:<br><br>LENIER RENE AYERS,<br><br><br><br>Petitioner. | No. 42335-9-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, C.J. — Lenier Ayers appeals from the trial court's denial of his CR 60(b)(11) motion to vacate an order committing him as a sexually violent predator. Ayers argues that (1) he filed his motion within a reasonable period of time and (2) his motion presents extraordinary circumstances: alleged violations of due process and ineffective assistance of counsel. Holding that Ayers's CR 60(b)(11) motion was untimely, we affirm.

## FACTS

### A.  *Substantive Facts*

In 1991, after three separate incidents involving girls aged 12, 13, and 14, Lenier Ayers pleaded guilty to three counts of child molestation and one count of communicating with a minor for immoral purposes. In 2000, Ayers violated the terms of his judgment and sentence by contacting a 14-year-old girl and a 16-year-old girl. He pleaded guilty to two counts of fourth degree assault arising from those contacts. In 2001, the State petitioned to commit Ayers as a sexually violent predator under chapter 71.09 RCW.

In a bench trial held in 2005, the trial court heard conflicting testimony on whether Ayers had a mental abnormality or personality disorder. Dr. Dennis Doren testified for the State that Ayers suffered from, inter alia, (1) paraphilia, not otherwise specified (hebephilia)[1]; and (2) antisocial personality disorder. Ayers's expert, Dr. Richard Wollert, testified that he originally diagnosed Ayers with hebephilia, but that he later decided hebephilia is neither a valid diagnosis in general nor an appropriate diagnosis for Ayers. Dr. Wollert also disputed that Ayers suffered from antisocial personality disorder. Ayers's counsel did not request a Frye[2] hearing on testimony about a diagnosis of hebephilia and did not object to Dr. Doren's testimony.

Finding Dr. Doren's testimony more credible, the trial court determined that Ayers suffered from two mental abnormalities or personality disorders predisposing him to reoffend: hebephilia and antisocial personality disorder. Four of Ayers's victims—two from the incidents leading to his 1991 convictions and two from those leading to his 2001 convictions—testified to Ayers's conduct. The trial court determined that the State proved beyond a reasonable doubt that Ayers was a sexually violent predator.

B.     *Procedural History*

The trial court filed its order of commitment on September 12, 2005. Ayers appealed the commitment order, and we affirmed the trial court in an unpublished decision. *In re Det. of Ayers*, noted at 135 Wn. App. 1040 (2006) (*Ayers* I), *review denied*, 161 Wn.2d 1027 (2007). After our Supreme Court denied review, we issued a mandate on November 7, 2007.

---

[1] Hebephilia is a term for "sexual attraction to adolescents." Clerk's Papers at 11. Hereafter, we use the term "hebephilia" in the place of "paraphilia, not otherwise specified (hebephilia)."

[2] *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).

Less than four months later, on February 11, 2008, Ayers filed a pro se CR 60(b)[3] motion for relief from the order of commitment, seeking either his release from confinement or a new trial. Ayers never served his motion on the State; nonetheless the trial court summarily denied Ayers's motion without a hearing.

Ayers appealed the trial court's denial of his CR 60(b) motion; we consolidated the appeal with Ayers's pro se personal restraint petition (PRP). *In re Det. of Ayers*, noted at 155 Wn. App. 1014, slip op. at 3, (*Ayers* II), *review denied*, 169 Wn.2d 1016 (2010). We denied the PRP but, to avoid a possible jurisdictional defect, we granted the State's request to remand the appeal with instructions to afford the State an opportunity to respond to the CR 60(b) motion. *Ayers* II, slip op. at 4, 12.

On May 9, 2011, Ayers filed an "amended and restated motion" in superior court to vacate the 2005 commitment order under CR 60(b)(11). Clerk's Papers at 85. Ayers attached materials purporting to show recent disagreement in the psychological community about the validity of hebephilia as a medical diagnosis and as a basis for civil commitment. He also alleged that his rights to due process and effective assistance of counsel were violated during the commitment trial.

The trial court denied the motion, ruling that (1) Ayers did not file it within a reasonable time and (2) Ayers failed to present extraordinary circumstances justifying relief from the commitment order, in that (a) there was no due process violation because the trial court

---

[3] Although Ayers did not cite a subsection for this motion, his motion was based on newly discovered evidence, an allegedly invalid diagnosis, and a claim of evidentiary error.

considered and decided the validity of the diagnosis at trial and (b) Ayers's counsel was not

ineffective for failing to request a *Frye* hearing. Ayers appeals.

## ANALYSIS

Ayers argues that the trial court erroneously denied his CR 60(b)(11) motion to vacate the

commitment order.[4] We disagree.

We review a trial court's denial of a CR 60(b) motion for manifest abuse of discretion.

*Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000); *In re Det. of Mitchell*, 160 Wn.

App. 669, 675, 249 P.3d 662 (2011). A trial court abuses its discretion when its decision is

manifestly unreasonable or made on untenable grounds or for untenable reasons. *Mayer v. Sto*

*Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006). This standard is also violated when a

trial court bases its decision on an erroneous view of the law. *Mayer*, 156 Wn.2d at 684.

Unlike an appeal, a CR 60(b) motion is not a means of correcting errors of law.

*Burlingame v. Consol. Mines & Smelting Co.*, 106 Wn.2d 328, 336, 772 P.2d 67 (1986).

Accordingly, when a party appeals the trial court's denial of a CR 60(b) motion, we review only

the trial court's decision to deny the motion—not the underlying order that the party seeks to

vacate. *Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

CR 60(b) allows a trial court to vacate a final judgment or order for specified reasons

such as mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. Ayers

---

[4] The State argues that Ayers cannot challenge the denial of his CR 60(b) motion because he has not assigned error to the trial court's findings of fact. This argument lacks merit because the trial court did not enter findings of fact in deciding this motion. Instead, the trial court's order briefly states legal grounds supporting its decision. When an appellant assigns error to the trial court's ultimate legal conclusion, the appellant need not assign error to its specific legal grounds. *Johnson v. Kittitas County*, 103 Wn. App. 212, 216, 11 P.3d 862 (2000).

based his most recent motion on CR 60(b)(11), which authorizes a trial court to vacate a judgment for "[a]ny other reason justifying relief from the operation of the judgment." However, a party seeking relief under CR 60(b)(11) must make the motion within a reasonable time. CR 60(b). If the party does not move within a reasonable time, he is barred from relief under CR 60(b).[5] *In re Det. of Ward*, 125 Wn. App. 374, 380, 104 P.3d 751 (2005). Because the trial court did not abuse its discretion by ruling that Ayers failed to bring his motion within a reasonable time, we affirm.[6]

A.     *The Critical Period*

When determining whether the moving party met the reasonable time requirement, the trial court first measures the "critical period." *Luckett v. Boeing Co.*, 98 Wn. App. 307, 312-13, 989 P.2d 1144 (1999). The critical period is the period between when the moving party became aware of the judgment and when the moving party actually filed the motion. *Luckett*, 98 Wn. App. at 312; *see In re Marriage of Thurston*, 92 Wn. App. 494, 500, 963 P.2d 947 (1998).

---

[5] The State argues that Ayers's CR 60(b)(11) motion is in reality a CR 60(b)(3) motion for relief in light of newly discovered evidence. A party must bring a motion under CR 60(b)(3) within a reasonable time *and* within one year of entry of the judgment. CR 60(b); *see Luckett v. Boeing Co.*, 98 Wn. App. 307, 310, 989 P.2d 1144 (1999). Further, a party cannot use the broad language of CR 60(b)(11) to circumvent the specific time requirements for CR 60(b)(3) motions. *See Friebe v. Supancheck*, 98 Wn. App. 260, 267, 992 P.2d 1014 (1999). Ayers admits that his motion relies to an extent "upon additional evidence not presented at the first trial." Br. of Appellant at 16. Therefore, we regard the motion, in part, as a CR 60(b)(3) motion to which the one-year requirement applies. Because Ayers failed to file his motion within one year of the entry of judgment, the part of the motion based on newly discovered evidence—namely, scholarly articles arguing that hebephilia is an inappropriate basis for civil commitment—is untimely under CR 60(b)(3).

[6] Because we hold Ayers's CR 60(b) motion untimely, we do not reach his other arguments. *See Ward*, 125 Wn. App. at 380-81.

Whether the critical period constitutes a reasonable time depends on the facts and circumstances of each case. *Luckett*, 98 Wn. App. at 312.

Here, the parties dispute the duration of the critical period. The trial court determined that the critical period began with filing of the commitment order on September 12, 2005, and lasted *at least* two years and five months until Ayers filed his original CR 60(b) motion on February 11, 2008.[7] Ayers argues that the critical period began later, when this court issued a mandate terminating his direct appeal and the commitment order became "final"; thus Ayers contends that the critical period ran less than four months. But Ayers does not explain how the trial court's determination constitutes an abuse of its discretion, nor does Ayers cite authority in support of this argument. Therefore we do not consider it. *See* RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

B.      *The CR 60(b) Motion Was Untimely*

The major considerations in determining the timeliness of a CR 60(b) motion are (1) whether the delay during the critical period prejudiced the nonmoving party and (2) whether the moving party has good reasons for failing to bring the motion earlier. *Luckett*, 98 Wn. App. at 312. The second consideration weighs strongly against Ayers.

Here, there is no showing that the delay prejudiced the State. Without citing the record, the State asserts that the victim witnesses "may be unavailable or unable to re-testify" by the time of a retrial. Br. of Resp't at 19. Although Ayers does not contest this assertion, it is not sufficient to show that the delay actually prejudiced the State. A party does not show actual

---

[7] The State argues in the alternative that the critical period continued until Ayers filed his amended CR 60(b) motion on May 9, 2011, after our remand in *Ayers* II.

prejudice when, without citing the record, he claims "that witnesses are unavailable or that memories have dimmed." *Russell v. Dep't of Human Rights*, 70 Wn. App. 408, 417-18, 854 P.2d 1087 (1993).

But, more importantly, Ayers lacks a good reason for failing to bring the motion earlier. When appealing from a trial court's ruling that the CR 60(b) motion was untimely, the moving party must show good reasons explaining the delay—even if there was no prejudice to the nonmoving party. *Luckett*, 98 Wn. App. at 313. Ayers explains that he did not file a CR 60(b) motion until two years and five months after entry of the commitment order because he hoped to prevail in his direct appeal, without resort to collateral attack. Ayers's explanation does not constitute a good reason.

Even if an appeal of an order is pending, a party may move the trial court under CR 60(b) to vacate the order under review. RAP 7.2(e); *Metro. Park Dist. of Tacoma v. Griffith*, 106 Wn.2d 425, 438-39, 723 P.2d 1093 (1986); *Carpenter v. Elway*, 97 Wn. App. 977, 988-89, 988 P.2d 1009 (1999). Consequently, the filing of Ayers's appeal did not prevent Ayers from filing his CR 60(b) motion. His hope that he would prevail on appeal does not constitute a good reason for delaying his motion.

Under the facts and circumstances of this case, Ayers lacks good reason for failing to bring his motion shortly after the order of commitment. Additionally, Ayers does not even attempt to explain why he filed his first CR 60(b) motion more than three months after we issued our mandate in his direct appeal. *See Luckett*, 98 Wn. App. at 313 (holding that, where a party produced no good reason for a four-month delay in filing a CR 60(b) motion, the trial court did not abuse its discretion by ruling that four months was not a reasonable time). Therefore the trial

court did not abuse its discretion in ruling that the motion was untimely. *See Luckett*, 98 Wn. App. at 313.

C.     *The CR 60(b) Time Requirements Are Reviewed for Abuse of Discretion*

Ayers next argues that the reasonable time requirement should not bar consideration of the merits of his arguments, because (1) a CR 60(b) proceeding is one of Ayers's only avenues for challenging his commitment[8] and (2) CR 60(b) proceedings are equitable in nature. We disagree.

First, we review the denial of a CR 60(b) motion for an abuse of discretion. *Haley*, 142 Wn.2d at 156. We reject Ayers's invitation to impose our notions of what may be equitable in this case.

Second, a CR 60(b) motion is not Ayers's only avenue to challenging the commitment order. Ayers has already challenged the basis of his commitment in two separate proceedings: his direct appeal of the commitment order and his first PRP.[9] *Ayers* I, noted at 135 Wn. App. 1040; *Ayers* II, noted at 155 Wn. App. 1014. Denial of this CR 60(b) motion does not prevent Ayers from bringing a meritorious challenge to his commitment.

---

[8] Annual reviews of Ayers's commitment examine only whether Ayers's condition has changed such that he is no longer a sexually violent predator or his conditional release would be more appropriate. Annual reviews do not allow Ayers to attack the original grounds for his commitment. *See State v. McCuistion*, 174 Wn.2d 369, 386 & n.6, 275 P.3d 1092 (2012), *cert. denied*, 81 U.S.L.W. 3470 (U.S. Feb. 25, 2013) (No. 12-7330).

[9] Ayers's second PRP, as well as his petition for the writ of habeas corpus, alleged that the conditions of his confinement constituted cruel and unusual punishment. *See* Order Lifting Stay and Dismissing Petition, *In re Pers. Restraint of Ayers*, No. 39884-2-II, at 1 (Wash. Ct. App. Jan. 28, 2011) (citing Report and Recommendation, *Ayers v. Richards*, No. C08-5390 BHS/KLS, 2010 WL 4366069 (W.D. Wa. 2010)).

Third, "[e]quity aids the vigilant, not those who slumber on their rights." *Leschner v. Dep't of Labor & Indus.*, 27 Wn.2d 911, 927, 185 P.2d 113 (1947). As Division One recognized in *Luckett*, "Washington law shows a strong preference for deciding cases on the merits." 98 Wn. App. at 313. But in a CR 60(b) motion, that preference must be weighed against the need for a "structured, orderly judicial system." *Luckett*, 98 Wn. App. at 313-14. When a party moves to vacate an order without presenting an acceptable reason for its delay in making the request, the trial court does not abuse its discretion by denying the motion as untimely. *Luckett*, 98 Wn. App. at 314. Ayers fails to show any abuse of discretion here.

Because the trial court did not abuse its discretion in ruling that Ayers's motion was untimely, the trial court did not err in denying Ayers's motion. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, C.J.

We concur:

Quinn-Brintnall, J.

Van Deren, J.

9