**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| KATHLEEN BRIM, | No. 85856-4-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DMT GARDENS, LLC, a Washington company, and LEIGHTON THETFORD, JR., individually and his marital community interest, | |
| Appellants. | |

FELDMAN, J. — Leighton Thetford, Jr. appeals from the trial court's order granting Kathleen Brim's CR 60(b) motion to vacate a previous order approving a CR 2A settlement agreement. Because the trial court abused its discretion in granting relief under CR 60(b)(11), we reverse.

**I**

In 2017, Brim moved to Washington to live near her daughter, Deborah Powell, who was then married to Thetford. Together, they identified the property located at 20510 226th Street in Maple Valley, Washington (the Property) as a suitable residence for Brim. Thetford formed a limited liability company, DMT Gardens, LLC (DMT Gardens), which purchased the property for use by Brim.

The parties began to dispute ownership of the Property after Thetford and Powell dissolved their marriage in late 2020. On September 24, 2021, Brim initiated this action against Thetford and DMT Gardens by filing a complaint to quiet title to the Property. On December 8, 2022, the trial court issued an order directing DMT Gardens to sell the Property and deposit the sale proceeds in the court registry pending a further order directing the allocation of such.

Prior to the sale of the property, the parties resolved the lawsuit through mediation and executed a CR 2A settlement agreement (the CR 2A Agreement) on February 22, 2023. Pursuant to the CR 2A Agreement, Thetford and DMT Gardens agreed to execute a quit claim deed transferring their ownership interests in the Property to Brim. In exchange, Brim agreed to sell the Property and pay Thetford $235,000 at closing—at which point she could retain the remaining sale proceeds for herself. On April 7, 2023, the trial court issued an order (the April 7 Order) approving the CR 2A Agreement and stating that the agreement "is to be binding upon the parties."

The April 7 Order did not resolve the parties' dispute as anticipated. Two months later, on June 16, 2023, Brim filed a motion to vacate the April 7 Order. Citing CR 60(b)(1), (3), (4), and (11), which are quoted and discussed below, Brim argued that Thetford "induced [Brim] into settlement by virtue of fraud, misrepresentation, or other misconduct and . . . the settlement purpose was frustrated and terms breached by [Thetford]." Brim claimed that after she executed the CR 2A Agreement, her broker conducted "additional research" that revealed (1) the septic system for the Property had not been evaluated or approved by the county, (2) the well supplying water to the Property had been shut off by the

neighbor, and (3) the barn and house on the Property had been constructed without permits. As a result of these issues, Brim stated she could not sell the Property for more than $200,000.

Thetford, acting pro se, filed a response to Brim's motion in which he disputed her contention that he failed to disclose the issues affecting the Property. Thetford filed a declaration in support of his response, which attached as exhibits numerous e-mails, discovery responses, and a mediation statement that he sent to Brim and her counsel before the CR 2A Agreement was executed in February 2022 that reference environmental and construction issues affecting the Property stemming from county code violations. Thetford also asserted in his response brief and supporting materials that the water supply to the Property was shut off in May 2023 as a result of a dispute between Powell and the neighbor who supplies the Property with well water.

The trial court set a show cause hearing and, following the hearing, issued an order on show cause hearing on September 15, 2023 (the September 15 Order) granting Brim's motion. In its findings of fact and conclusions of law, the trial court found that Thetford "was aware of the issues with the property and failed to disclose them to Kathleen Brim during discovery or mediation" and that "[t]he property is such that it cannot be sold at a sales price of Kathleen Brim's choosing." The trial court further found and concluded, "Sufficient evidence exists to vacate the [April 7 Order] where the terms of the settlement have been breached by [Thetford] and the purpose of settlement has been frustrated." The court then explained the import of its ruling:

> The Court Order entered on April 7, 2023 approving the February 22, 2023, CR 2A Settlement Agreement entered into by and between Kathleen Brim, Leighton Thetford, Jr., and DMT Gardens, LLC, is hereby vacated. Said Settlement Agreement is deemed not binding upon the parties and their successors of interest. The parties are put back in the same position as if the Settlement Agreement had not been entered into.

And lastly, the trial court identified the precise legal basis for its decision: "Vacation of the CR 2A is appropriate to accomplish justice. CR 60(b)(11); *see Klapprott v. U.S.*, 335 U.S. 601, 615 (1949)."

Thetford subsequently filed a motion for reconsideration, which the trial court denied. This timely appeal followed.

**II**

We review a trial court's ruling granting relief under CR 60(b)(11) for abuse of discretion. *Friebe v. Supancheck*, 98 Wn. App. 260, 266, 992 P.2d 1014 (1999).[1] A trial court abuses its discretion when its decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006) (quoting *Associated Mortg. Inv'rs v. G.P. Kent Constr. Co.*, 15 Wn. App. 223, 229, 548 P.2d 558 (1976)). A trial court's ruling is based on "untenable grounds" or "untenable reasons" if it "relies on unsupported facts or applies the wrong legal standard." *Id.*

---

[1] Although the September 15 Order is not designated in or attached to the notice of appeal in accordance with RAP 5.3(a), we may properly review the order under RAP 2.4(b), which states: "The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." Given the similarity between Thetford's arguments in response to Brim's motion to vacate the April 7 Order and the arguments in his motion for reconsideration, the "prejudicially affects" requirement is satisfied here—thereby allowing us to review the September 15 Order.

CR 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons . . . ." The rule then lists 11 such reasons. *See* CR 60(b)(1)-(11). Here, Brim relied on the reasons set forth in CR 60(b)(1), (3), (4), and (11). The reasons set forth in CR 60(b)(1), (3), and (4) are as follows:

> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
>
> . . . .
>
> (3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); [and]
>
> (4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

Significant here, the trial court did not rely on any of these enumerated reasons even though they closely track Brim's arguments in support of vacatur, which generally assert that Thetford had improperly withheld material information regarding the condition and value of the Property prior to the parties executing the CR 2A Agreement.

Instead, the trial court relied on CR 60(b)(11), which is a catchall provision that allows a court to relieve a party from a final judgment, order, or proceeding based on "[a]ny other reason justifying relief from the operation of the judgment." While CR 60(b)(11) is broadly stated, our case law clarifies, "The 'any other reason' language of CR 60(b)(11) is . . . not a blanket provision authorizing reconsideration for all conceivable reasons." *State v. Keller*, 32 Wn. App. 135, 141, 647 P.2d 35

(1982). Rather, relief under CR 60(b)(11) is "'limited to situations involving extraordinary circumstances' not covered in any other section of [the rule]." *Gates v. Homesite Ins. Co.*, 28 Wn. App. 2d 271, 284, 537 P.3d 1081 (2023) (quoting *In re Welfare of R.S.G.*, 172 Wn. App. 230, 244, 289 P.3d 708(2012)); *see also State v. Ward*, 125 Wn. App. 374, 379, 104 P.3d 751 (2005) (noting that a party can only move to vacate a judgment under CR 60(b)(11) when its "circumstances do not permit moving under another subsection of CR 60(b)"). Washington law is equally clear that to obtain relief under CR 60(b)(11), the extraordinary circumstances "must relate to irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings." *Friebe*, 98 Wn. App. at 266 (quoting *Yearout v. Yearout*, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985)).

The trial court here abused its discretion by granting relief under CR 60(b)(11). If the facts recounted in the September 15 Order are accepted as true, relief would more naturally be granted under CR 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect; under CR 60(b)(2) based on discovery of newly discovered evidence; or under CR 60(b)(4) based on alleged fraud, misrepresentation, or other misconduct. Brim's motion did not argue any grounds for relief under CR 60(b)(11) that were distinct from these asserted grounds for relief under CR 60(b)(1), (3), or (4). And rather than rely on one or more of those enumerated reasons, the trial court granted relief under CR 60(b)(11) without identifying any extraordinary circumstances not covered by any other section of the rule, irregularities extraneous to the action of the court, or questions concerning the regularity of the court's proceedings. Moreover, Brim's failure to appreciate and investigate the code violation and water supply issues

"does not rise to an extraordinary circumstance justifying resort to CR 60(b)(11)." *In re Marriage of Knutson*, 114 Wn. App. 866, 874, 60 P.3d 681 (2003) ("failure to appreciate" retirement plan's vulnerability to market forces "does not rise to an extraordinary circumstance justifying resort to CR 60(b)(11)"). In short, the trial court's ruling is both legally and factually untenable.

Nor does the trial court's citation to *Klapprott v. United States*, 335 U.S. 601, 615, 69 S. Ct. 384 (1949), salvage its ruling. In *Klapprott*, the United States Supreme Court vacated a default judgment upon concluding that Klapprott had shown an "extraordinary situation" justifying relief from the default judgment because it was rendered while he was incarcerated in another state without the means to defend himself at the hearing. *Id.* at 609-15. Thus, *Klapprott* involved a serious irregularity in the trial court proceedings. Unlike *Klapprott*, Brim has not demonstrated—and the trial court did not find—any such "extraordinary situation" or serious procedural irregularity that would justify relief separate and apart from the other enumerated reasons for relief under CR 60(b). Contrary to the trial court's reasoning, *Klapprott* is inapposite.[2]

In her briefing on appeal, Brim ignores CR 60(b)(11) and *Klapprott* and focuses instead on CR 60(b)(4), which Brim argues is "much broader" than

---

[2] Because Thetford did not order the transcript from the show cause hearing, we are unable to determine what arguments were advanced at the hearing and whether the trial court responded meaningfully. The better practice is to order the transcript so as to avoid waiver. *See, e.g.*, *Allemeier v. Univ. of Wash.*, 42 Wn. App. 465, 472, 712 P.2d 306 (1985) ("We do not reach the merits of this issue because Allemeier failed to provide us with a sufficient trial record."). Here, however, we can properly review the trial court's findings of fact, conclusions of law, and detailed ruling in the September 15 Order, which provide a sufficient basis for reversal. Significantly, the September 15 Order does not reference or incorporate any oral findings or conclusions. And even if it did, the written ruling is controlling in the event of conflict. *See Grundy v. Brack Family Tr.*, 151 Wn. App. 557, 571, 213 P.3d 619 (2009) ("The transcript of the trial court's oral ruling is not part of the record on appeal. Even if the oral ruling were available, written findings control where they conflict with an oral decision.").

common law fraud in that it includes both "misrepresentation" and "other misconduct." But the trial court did not grant relief under CR 60(b)(4). Additionally, where a party seeks vacatur based on fraud, misrepresentation, or other misconduct and the affidavits and other record evidence "raise an issue of fact which cannot be resolved without the taking of testimony," a trial court generally cannot vacate a judgment under CR 60(b)(4) "without first hearing and weighing testimony regarding fraud, misrepresentation or other misconduct." *In re Marriage of Maddix*, 41 Wn. App. 248, 252, 703 P.2d 1062 (1985). Without a transcript of the show cause hearing, we are unable to ascertain whether the trial court heard such testimony. We express no opinion as to whether an evidentiary hearing is required here and whether relief could properly be granted under CR 60(b)(4) or any other provision as originally requested by Brim.

In sum, the trial court abused its discretion by vacating the April 7 Order under CR 60(b)(11). We therefore reinstate that order and remand the matter for further proceedings consistent with this opinion.

Reversed.

Feldman, J.

WE CONCUR:

Díaz, J.

Coburn, J.