104 P.3d 751 (2005)
STATE of Washington, Respondent,
v.
Bradley B. WARD, Appellant.
No. 53480-7-I.
Court of Appeals of Washington, Division One.
January 18, 2005.
Reconsideration Denied March 11, 2005.
*752 Jason Brett Saunder, Washington Appellate Project, Seattle, WA, for Appellant.
Malcolm Ross, Attorney General of Washington, Seattle, WA, for Respondent.
BAKER, J.
In February of 1991, Bradley Ward, age 19, stipulated to being a sexually violent predator and was sent to a special commitment center for treatment. In 2003, Ward moved under CR 60(b)(5) and (11) to withdraw his stipulation. He argued a significant change in the law occurred in 1993, which justified relief from judgment. The superior court denied his motion and Ward appealed. A court of competent jurisdiction accepted Ward's stipulation and ordered his commitment, therefore judgment cannot be void under CR 60(b)(5). Further, because Ward did not move to vacate his stipulation within a reasonable time, he is barred from relief under CR 60(b)(11). We affirm.

I.
As a juvenile, Bradley Ward was convicted of indecent liberties. His sentence included 28 weeks at the Maple Lane School for rehabilitation, followed by 24 months of community supervision coupled with the requirement to complete sex offender counseling. Ward eventually moved back into his mother's house and failed to complete the required treatment. He was sentenced to jail time for not completing the counseling program. While he was in jail, the State petitioned to have Ward committed as a sexually violent predator under chapter 71.09 RCW.
*753 Chapter 71.09 RCW is a civil statute that authorizes the State to involuntarily commit an individual to a secure treatment facility when he is found by a court or jury to be a sexually violent predator.[1] A sexually violent predator is "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility."[2] In February of 1991, Ward stipulated to being a sexually violent predator and was committed to a special commitment center for treatment. In his stipulation, Ward admitted that he had a mental disorder, a prior conviction for a sexually violent offense, and that his acts were predatory. He did not stipulate to committing a recent overt act.
Two years after his commitment, our Supreme Court decided In re Personal Restraint of Young.[3] Interpreting chapter 71.09 RCW as constitutional, the court held that when a defendant has been released from confinement since his last sex offense, but before sexually violent predator proceedings are initiated against him, the State must prove he committed a recent overt act in order to establish his dangerousness.[4] The Legislature amended chapter 71.09 RCW in 1995 to reflect the court's decision.[5]
In March of 2003, Ward moved to withdraw his stipulation under CR 60(b)(5) and (11). He argued that the court should vacate judgment because the Young decision constituted a significant change in the law, which justified relief. The superior court denied his motion after concluding that the Young decision was not a change in the law, but rather "a judicial interpretation of a principle that arguably existed from day one."
Ward appeals the order denying his motion.

II.
Ward argues that the superior court erred in denying his motion to withdraw his stipulation under either CR 60(b)(5) or (11). First, however, the parties dispute whether Ward can appeal as of right the court's order denying his motion to vacate judgment.

A. RAP 2.2(a)(10)
RAP 2.2(a)(10) authorizes defendants to appeal as a matter of right orders stemming from motions to vacate judgment. Ward appealed an order stemming from a motion to vacate his stipulation and commitment order. Citing In re Detention of Turay[6] and In re Detention of Petersen,[7] the State argues that commitment orders are not judgments under RAP 2.2(a)(10). But Turay and Petersen stand for the opposite conclusion. Our Supreme Court held that postcommitment orders are not final judgments under RAP 2.2(a)(1) and (13) because sexually violent predators are subject to the court's ongoing jurisdiction until they are unconditionally released.[8] In other words, postcommitment orders are determinations of whether *754 to maintain the status quo.[9] In contrast, a commitment order establishes the status quo and therefore serves as a judgment.
In substance, Ward argued that there was a significant change in the law that justifies relief from judgment. The motion, on its face and in substance, is a genuine motion to vacate judgment. Thus, it is appealable as a matter of right under RAP 2.2(a)(10).

B. CR 60(b)
Chapter 71.09 RCW is civil in nature. The civil rules govern sexually violent predator proceedings, "[e]xcept where inconsistent with rules or statutes applicable to special proceedings."[10] Sexually violent predator proceedings are special proceedings; therefore the civil rules apply unless they conflict with provisions within chapter 71.09 RCW.[11] CR 60(b) authorizes the court to relieve a party from judgment in specified circumstances. Because there are no provisions within the statute that prohibit detainees from moving to vacate judgment, CR 60(b) is available to them.

1. CR 60(b)(5)
Ward argues that his stipulation is void because the State did not allege a recent overt act. But, even if we were to accept his argument, the error does not render the judgment void. Rather, irregularities, even fundamental errors of law, simply render the judgment voidable.[12] A judgment is void only if it is issued by a court which "`lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved.'"[13] Therefore Ward is not entitled to relief from judgment under CR 60(b)(5).

2. CR 60(b)(11)
CR 60(b)(11) is a catch-all provision, intended to serve the ends of justice in extreme, unexpected situations. To vacate a judgment under CR 60(b)(11), the case must involve "extraordinary circumstances," which constitute irregularities extraneous to the proceeding.[14] A defendant can only move to vacate judgment under CR 60(b)(11) when his circumstances do not permit moving under another subsection of CR 60(b).[15]
In rare circumstances, a change in the law may create extraordinary circumstances, satisfying CR 60(b)(11).[16] Assuming Young initiated a change in the law,[17] it may constitute extraordinary circumstances. The State's burden of proof is, beyond question, greater and therefore inconsistent with its pre-Young burden. The change in law goes to the very basis of Ward's commitment. Proving a recent overt act is a constitutional requirement, and thus an important element of establishing a person is a sexually violent predator. Further, the equities balance in Ward's favor. Although a civil statute, the sexually violent predator act authorizes the commitment of individuals. The interest in *755 finality of judgments is easily outweighed by the interest in ensuring that an individual is not arbitrarily deprived of his liberty.[18]
But we do not need to decide whether Young was a change in the law that created extraordinary circumstances. CR 60(b)(11) motions must be made within a "reasonable time."[19] A decade passed between the Young decision and Ward's motion to vacate judgment. Ten years is an unreasonable amount of time.[20] Ward has not stated any good reason for failing to take appropriate action sooner.[21] Thus, CR 60(b)(11) cannot be a vehicle for vacating Ward's stipulation.[22]
AFFIRMED.
WE CONCUR: ELLINGTON, A.C.J., and BECKER J.
NOTES
[1] RCW 71.09.010.
[2] RCW 71.09.020(16).
[3] 122 Wash.2d 1, 857 P.2d 989 (1993).
[4] Young, 122 Wash.2d at 41-42, 857 P.2d 989.
[5] Laws of 1995, ch. 216 (S.S.S.B.5088) (codified as RCW 71.09.030).
[6] 139 Wash.2d 379, 986 P.2d 790 (1999).
[7] 138 Wash.2d 70, 980 P.2d 1204 (1999).
[8] Turay, 139 Wash.2d at 392, 986 P.2d 790; Petersen, 138 Wash.2d at 87-88, 980 P.2d 1204. RAP 2.2(a)(1) authorizes appeal from any "final judgment," and RAP 2.2(a)(13) authorizes appeal from any "final order made after judgment," which affects a substantial right. Commitment as a sexually violent predator is indefinite. The Department of Social and Health Services must examine a committed individual every year to determine whether his conditions have changed such that he is no longer a sexually violent predator. RCW 71.09.070. Committed individuals may demand a hearing, and force the State to show prima facie evidence that establishes he still meets the sexually violent predator criteria. If the State fails to provide prima facie evidence, or if the detainee provides evidence sufficient to establish he is not a sexually violent predator, the court must set a hearing on the matter. RCW 71.09.090. The person may be released unconditionally, or to a less restrictive alternative, if the State cannot prove beyond a reasonable doubt that he remains a sexually violent predator. RCW 71.090.090.
[9] Turay, 139 Wash.2d at 392, 986 P.2d 790; Petersen, 138 Wash.2d at 87-88, 980 P.2d 1204.
[10] CR 81.
[11] In re Detention of Capello, 114 Wash.App. 739, 745-46, 60 P.3d 620 (2002), rev. denied, 149 Wash.2d 1032, 75 P.3d 968 (2003).
[12] Metro. Fed. Sav. & Loan Ass'n of Seattle v. Greenacres Memorial Association, 7 Wash.App. 695, 699, 502 P.2d 476 (1972).
[13] Metro. Fed. Sav. & Loan, 7 Wash.App. at 699, 502 P.2d 476 (quoting Dike v. Dike, 75 Wash.2d 1, 7, 448 P.2d 490 (1968)). We reject Ward's urging to treat his stipulation as a plea agreement. This is a civil commitment, not a criminal case.
[14] In re Marriage of Knies, 96 Wash.App. 243, 248, 979 P.2d 482 (1999).
[15] In re Marriage of Thurston, 92 Wash.App. 494, 499, 963 P.2d 947 (1998); Shum v. Dep't of Labor & Industries, 63 Wash.App. 405, 408, 819 P.2d 399 (1991).
[16] See In re Marriage of Flannagan, 42 Wash.App. 214, 221-22, 709 P.2d 1247 (1985) (holding that a change in federal law pertaining to dividing military retirement pay pursuant to state community property constituted extraordinary circumstances); In re Marriage of Giroux, 41 Wash.App. 315, 322, 704 P.2d 160 (1985).
[17] See In re Personal Restraint of Turay, 150 Wash.2d 71, 85, 74 P.3d 1194 (2003) (noting that the constitutional requirement of proving a recent overt act was "established" in Young).
[18] See Suburban Janitorial Serv. v. Clarke American, 72 Wash.App. 302, 313, 863 P.2d 1377 (1993) ("[C]ircumstances arise where finality must give way to the even more important value that justice be done.... CR 60 is the mechanism to guide the balancing between finality and fairness.").
[19] CR 60(b). CR(60)(b)(1), (2), and (3) motions must be made within one year. If a judgment is void, it will be vacated irrespective of the lapse of time. In re Marriage of Leslie, 112 Wash.2d 612, 618, 772 P.2d 1013 (1989).
[20] Kingery v. Dep't of Labor & Industries, 132 Wash.2d 162, 167-68, 173, 937 P.2d 565 (1997) (holding that 8 years is too long to justify equitable relief from judgment under CR 60(b)(11)).
[21] Luckett v. Boeing Co., 98 Wash.App. 307, 312, 989 P.2d 1144 (1999).
[22] Ward may have another avenue for requesting relief from judgment. Normally, under RCW 7.36.130, a detainee must file a personal restraint petition challenging commitment as a sexually violent predator within one year of commitment. See Turay, 150 Wash.2d at 76, 74 P.3d 1194 (explaining that RCW 7.36.130 pertains to writ of habeas corpus, and adopts the one-year time limit of RCW 10.73.090). An exception exists, however, when "[t]here has been a significant change in law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered." RCW 10.73.100(6); Turay, 150 Wash.2d at 82, 74 P.3d 1194. We do not decide whether Ward's situation may constitute such an exception, thereby entitling him to file a personal restraint petition.