# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GLORIA HENSLEY nka BRINKLEY, | ) | No. 71525-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HENSLEY, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: November 24, 2014 |
| | ) | |

COX, J. – Motions for relief from a final judgment must be brought "within a reasonable time."[1] In this case, Robert Hensley seeks to collaterally attack the Final Order of Child Support entered on January 31, 2003. Because he fails in his burden to show that he brought his CR 60(b) motion within a reasonable time, we hold that the trial court did not abuse its discretion in denying the motion. We affirm.

On January 31, 2003, the trial court entered its final order of child support in this dissolution proceeding. The order was a final judgment for monetary amounts owed by Robert Hensley to Gloria Hensley (Brinkley).[2] There was no appeal from that order.

In 2013, Brinkley moved for an order assessing interest on past due child support obligations that were imposed in the January 31, 2003 final order. A court commissioner initially ruled that Brinkley could not collect the interest. On

---

[1] CR 60(b).

[2] Due to the similarity in names, for clarity, this opinion uses the name "Brinkley" to refer to the respondent.

her motion to revise the commissioner's ruling, the superior court judge revised the initial decision. Specifically, the court awarded delinquent interest and other amounts.

Robert Hensley then moved for reconsideration pursuant to CR 59(1), CR 60(b)(4), and CR 60(b)(5). Specifically, he sought to attack the final order of January 2003. The court denied the motion.

Robert Hensley appeals.

Robert Hensley primarily seeks to collaterally attack the 2003 final order of child support as a defense to the November 6, 2013 order awarding interest. He claims that the court's January 2003 final order of child support does not match its verdict. He argues that he has three grounds to attack the order: CR 59(1), CR 60(b)(4), and CR 60(b)(5). None are persuasive.

## CR 60(b)(4)

Robert Hensley argues that CR 60(b)(4) allows him to collaterally attack the child support order and judgment entered in 2003. Because he fails to persuasively argue why his motion is timely, we disagree.

CR 60 provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding."[3] Under CR 60(b)(4), a party may get relief if the order or final judgment was obtained through fraud.[4]

---

[3] CR 60(b).

[4] CR 60(b)(4).

A motion under CR 60(b) must be "made within a reasonable time."[5] What is "reasonable" depends on the facts of the case.[6] "Major considerations that may be relevant in determining timeliness are whether the nonmoving party is prejudiced by the delay and whether the moving party has a good reason for failing to take action sooner."[7]

This court has held that 10 years is an unreasonable amount of time to bring a CR 60(b) motion when the moving party "has not stated any good reason for failing to take appropriate action sooner."[8]

This court reviews a CR 60(b) motion for abuse of discretion.[9] "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons."[10] "An appeal from denial of a CR 60(b) motion is limited to the propriety of the denial not the impropriety of the underlying judgment."[11]

Robert Hensley first raised CR 60(b)(4) as part of his motion for reconsideration in late 2013, more than 10 years after the January 2003 final

---

[5] CR 60(b).

[6] In re Marriage of Thurston, 92 Wn. App. 494, 500, 963 P.2d 947 (1998).

[7] Id.

[8] In re Detention of Ward, 125 Wn. App. 374, 380-81, 104 P.3d 751 (2005).

[9] See Thurston, 92 Wn. App. at 499.

[10] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

[11] Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

order of child support was entered. The two major considerations in timeliness are the reasons for delay, and prejudice to the non-moving party.[12]

In this case, Robert Hensley offers no explanation why he failed to try to correct the final order for more than 10 years. According to Robert Hensley, the order overstates the amounts Robert Hensley owed by more than $10,000. This represents more than half of the total back payments Robert Hensley owed under the order. This alleged overstatement would have been apparent from the face of the order since January 2003. He simply fails in his burden to show his motion is timely.[13] Thus, we need not address prejudice. Accordingly, the trial court did not abuse its discretion by denying Robert Hensley's motion for reconsideration.

## CR 60(b)(5)

Robert Hensley next argues that CR 60(b)(5) allows him to collaterally attack the judgment from 2003. Because he again fails to show that his motion is timely, we disagree.

CR 60(b)(5) allows relief from void orders or final judgments.[14] Motions under CR 60(b)(5) are not subject to the "reasonable time" limitation in CR 60(b) despite the plain language of the rule.[15]

---

[12] Thurston, 92 Wn. App. at 500.

[13] Det. of Ward, 125 Wn. App. at 380-81.

[14] CR 60(b)(5).

[15] See Ellison v. Process Sys. Inc. Const. Co., 112 Wn. App. 636, 642, 50 P.3d 658 (2002); Brenner v. Port of Bellingham, 53 Wn. App. 182, 188, 765 P.2d 1333 (1989).

"A judgment is void only if it is issued by a court which 'lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved.'"[16] "[A] court has no jurisdiction to grant relief beyond that sought in the complaint."[17] For example, in In re Marriage of Leslie, the petitioner did not request that the respondent pay for medical expenses.[18] Regardless, the court's judgment ordered the respondent to pay for medical insurance and any uncovered medical costs.[19] The supreme court held that the portion of the judgment ordering the respondent to pay for medical costs was void, because it exceeded the relief that the petitioner requested.[20]

Here, the trial court's January 2003 final order of child support is not void. The court did not grant more relief than Brinkley requested.

Robert Hensley argues that the judgment awarded Brinkley $10,249.82 more than the court's verdict. The court's verdict stated that Robert Hensley owed $8,555.95 in back child support, and was responsible for 65 percent of all outstanding daycare expenses. The court's order awarded $8,555.95 in *daycare* expenses (rather than back child support), and $10,285.13 in back child support.

---

[16] Det. of Ward, 125 Wn. App. at 379 (quoting Metro. Fed. Sav. & Loan Ass'n of Seattle v. Greenacres Mem'l Ass'n, 7 Wn. App. 695, 699, 502 P.2d 476 (1972)) (internal quotation marks omitted).

[17] In re Marriage of Leslie, 112 Wn.2d 612, 617, 772 P.2d 1013 (1989).

[18] 112 Wn.2d 612, 614, 772 P.2d 1013 (1989).

[19] Id. at 614.

[20] Id. at 620.

Robert Hensley argues that 65 percent of all daycare expenses, the amount that the verdict awarded, was actually $35.31. Because both the verdict and the judgment award $8,555.95, the alleged windfall arises from the difference between $10,285.13 and $35.31.

Robert Hensley argues that the Child Support Schedule Worksheets from the trial show that Brinkley claimed only $67.90 in daycare expenses.

Robert Hensley is incorrect for two reasons. First, it is unclear whether the worksheet reflects what Brinkley claimed at trial, as Brinkley did not sign the copy Robert Hensley submitted. Second, the worksheet appears to be prospective—it does not contain back expenses. For example, the section on child support sets the prospective child support, but does not list any back child support. Similarly, the section on daycare apportions 52 percent of the cost to Robert Hensley, the same percentage used to calculate prospective child support, while the court's verdict on back daycare apportioned 65 percent of the cost to the father.

Thus, Robert Hensley's argument that 65 percent of back daycare expenses is $35.31 is unpersuasive. And Robert Hensley has not shown that the relief the court awarded exceeded the amount Brinkley claimed at trial. Accordingly, the present case is distinguishable from In re Marriage of Leslie.

In sum, the court's January 2003 final order of child support is not void. Because the judgment is not void, CR 60(b)(5) does not apply to this case. The court did not abuse its discretion in denying the motion for reconsideration.

## CR 59(1)

Robert Hensley finally argues that CR 59(1) allows him to collaterally attack the child support order entered in 2003. We disagree.

CR 59 allows a party to move for a new trial or for reconsideration.[21] But, "A motion for a new trial or for reconsideration **shall be filed** not later than 10 days after the entry of the judgment, order, or other decision."[22] Thus, to challenge the January 2003 final order of child support under CR 59, Robert Hensley was required to file his motion no more than 10 days after the order was entered. Clearly, he did not.

Thus, while CR 59 allowed him to move for reconsideration on the 2013 order, he cannot use it to collaterally attack the January 2003 order.

In sum, Robert Hensley has failed to show that he may collaterally attack the 2003 child support order. Thus, the court did not err by awarding Brinkley interest on past due obligations.

We affirm the trial court's order awarding Brinkley interest, and its order denying Robert Hensley's motion for reconsideration.

Cox, J.

WE CONCUR:

Trickey, J.

---

[21] CR 59.

[22] CR 59(b) (emphasis added).