IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Proceeding for Kitsap County for the Foreclosure of Liens for Delinquent Real Property Taxes, Interest and Fees for the Year 2011 and Some Prior Years. | ) ) No. 77734-3-I ) ) DIVISION ONE ) ) |
| KITSAP COUNTY, | ) ) |
| Respondent, | ) UNPUBLISHED OPINION ) |
| v. | ) FILED: April 30, 2018 ) |
| JOHN SCANNELL and PAUL KING, | ) ) |
| Appellants. | ) ) |

BECKER, J. — Appellants challenge the denial of their CR 60(b) motion to set aside both an order authorizing the sale of a tax parcel at foreclosure and the sale itself. Appellants fail to establish that they are entitled to relief.

In 1999, appellant Paul King purchased the property at issue, a duplex in Bremerton. King agreed to lease the property to John Scannell. On December 28, 1999, the two signed a 10 year lease. The lease gave Scannell an option to purchase the property. The lease was recorded.

King failed to pay his property taxes over a period of several years. Respondent Kitsap County initiated foreclosure proceedings. On May 28, 2014,

the county served King with a summons and complaint via certified mail. The complaint advised King that his failure to appear or pay the amounts due would result in a default judgment but that at any time before the sale, the property could be redeemed from foreclosure by payment of the delinquent taxes. Scannell was served with a summons and complaint on June 26, 2014.

Scannell filed a notice of appearance on October 23, 2014. King did not file a notice of appearance.

On November 21, 2014, the trial court held a hearing on the county's application for a judgment foreclosing tax liens. King did not attend. Scannell was present representing himself. Scannell claimed that he had an ownership interest in the property as a result of having exercised his option to purchase. The trial court continued the hearing to December 19, 2014, to give Scannell an opportunity to prove his ownership interest in the property and pay the required taxes.

King was not present at the hearing on December 19. Scannell attended telephonically. Scannell informed the court that he had been trying to "work out something" with King, but now King had filed for bankruptcy. The county, aware of King's bankruptcy filing, proposed that the court continue the hearing for six weeks because of the automatic stay. The county alleged that King's bankruptcy petition was deficient and would most likely be dismissed within that time. The court continued the hearing until January 30, 2015.

On January 30, 2015, the case again came on for hearing. Neither Scannell nor King attended. The trial court ordered entry of a judgment

foreclosing on the tax lien and entry of an order of sale for the property. The order contained a finding that Scannell had demonstrated no valid defense to entry of the judgment and order of sale but made no mention of King, as he had not appeared before the court. The order noted that the court made no finding as to Scannell's interest in the property, if any. The order required that Scannell be given 10 days' advance notice of the sale. It did not require that King be given such notice.

No appeal was taken from the order entered on January 30, 2015. In March 2015, the property was sold in an internet auction.

On January 21, 2016, almost one year after the entry of the order of January 30, 2015, Scannell and King filed a CR 60(b) motion to set aside either the order authorizing the sale or the sale itself.

On January 29, 2016, after a hearing, the trial court entered an order denying the motion. This appeal followed.

As the county explains, denial of the CR 60(b) motion was mandatory because appellants did not comply with the statutory procedural requirements of RCW 84.68.080-.100. Scannell and King did not tender the taxes due. Payment of taxes is a prerequisite for an action to recover property sold for taxes. RCW 84.68.080.

Assuming for the sake of argument that failure to meet the statutory requirements does not serve as a procedural bar to seeking relief under CR 60(b), we briefly address appellants' arguments on the merits.

A party may obtain relief from a final judgment under CR 60(b), provided the party satisfies at least 1 of the 11 enumerated grounds. Appellants claim the order authorizing the sale of the property is void. Relief will be granted from a void judgment under CR 60(b)(5). Courts have a nondiscretionary duty to vacate void judgments. Leen v. Demopolis, 62 Wn. App. 473, 478, 815 P.2d 269 (1991), review denied, 118 Wn.2d 1022 (1992).

An order is void only if issued by a court that lacks personal or subject matter jurisdiction. State v. Ward, 125 Wn. App. 374, 379, 104 P.3d 751, review denied, 155 Wn.2d 1025 (2005); Marley v. Dep't of Labor & Indus, 125 Wn.2d 533, 541, 886 P.2d 189 (1994) (superseded by statute on other grounds). "Irregularities, even fundamental errors of law, simply render the judgment voidable." Ward, 125 Wn. App. at 379.

Appellants appear to argue that the court lacked personal jurisdiction over King. But the court obtained personal jurisdiction when King was properly served with notice of the foreclosure proceedings.

Appellants propose that King should have been given additional notices, including personal notice of the tax sale, because he "appeared" informally. They are mistaken. To make an appearance, one who is served with a summons "must in some way appear and acknowledge the jurisdiction of the court" after being served. Morin v. Burris, 160 Wn.2d 745, 749, 161 P.3d 956 (2007). King's only participation occurred in the fall of 2014, when he responded to an e-mail from an employee of the county treasurer's office who contacted him to ask if he planned to contest the foreclosure. King first replied that he planned

to pay the back taxes, then later indicated that he believed he would pursue bankruptcy. Under Morin, King's e-mails did not amount to an appearance.

Appellants also appear to argue that the order is void because the trial court lacked authority to order the property to be sold via internet auction. Even if internet auctions were not authorized at the time of the sale, it would not mean the order was void. It could be a legal error, but it would not signify a lack of jurisdiction.

Appellants argue that the sale was void because, they claim, the county did not comply with a statutory preauction notice requirement. A statute requires posting notice at three locations 10 days before the sale.

Appellants do cite a case for the proposition that failure to comply with statutory provisions relating to the content and manner of notice in proceedings to collect delinquent taxes leaves the court without jurisdiction over the tax foreclosure proceeding and renders void any foreclosure sale and tax deed issued pursuant thereto. Stritzel v. Smith, 20 Wn. App. 218, 221, 579 P.2d 404 (1978) (on direct appeal from an order of summary judgment dismissing a motion for quiet title to set aside tax foreclosure deeds).

But appellants do not show that the county failed to comply with the posting statute. A deed issued as a result of a real property tax foreclosure sale is prima facie evidence that, among other things, the sale "was conducted in the manner required by law." RCW 84.64.180. When a tax title is sought to be overthrown, "the burden is on the one who asserts its invalidity to overcome the deed by competent and controlling evidence." Larson v. Murphy, 105 Wash. 36,

39, 177 P. 657 (1919). The evidence now relied on by appellants to show that proper posting did not occur was not presented at the January 2016 hearing, rather it was introduced as part of a separate motion to show cause filed by Scannell and King in May 2017. Thus, at the time of the hearing, the trial court had no evidence showing noncompliance with the posting requirement. The tax sale and deed are not void under Stritzel. Appellants show no basis for relief under CR 60(b)(5).

Relief from a judgment may be obtained under CR 60(b)(1) in the event of mistakes, inadvertence, surprise, excusable neglect or irregularity, or under CR 60(b)(4) in the event of fraud, misrepresentation, or misconduct by an adverse party. Unlike a motion for relief from an allegedly void judgment, a motion for relief under CR 60(b)(1) or (4) is reviewed for abuse of discretion. Vance v. Offices of Thurston County Comm'rs, 117 Wn. App. 660, 671, 71 P.3d 680 (2003), review denied, 151 Wn.2d 1013 (2004).

Appellants claim their failure to pay the delinquent taxes prior to sale was due to their mistaken belief that the property would not be sold until December 2015 at the earliest. They contend a misrepresentation by the county's attorney led them into this mistaken belief.

The basis of appellants' claim is a statement made by the county's attorney at the hearing on November 21, 2014. The trial court was inclined to give Scannell additional time. The county attorney expressed a preference to continue the hearing "because otherwise, in one year's time, we will end up in the same situation." The proceeding against King's property was then set for a new

hearing on December 19, 2014. Scannell acknowledged the continuance and he attended the hearing on December 19, 2014. On the morning of the December 19 hearing, Scannell informed the county and the court that the sale would be further delayed due to King's bankruptcy. This record does not support a claim of justifiable mistake or misrepresentation. And even if it did, the trial court had discretion to deny relief because the motion was not made in a reasonable time, as required by CR 60(b). "A reasonable time is determined by examining the case facts and circumstances." Topliff v. Chicago Ins. Co., 130 Wn. App. 301, 305, 122 P.3d 922 (2005), review denied, 157 Wn.2d 1018 (2006). The summons and complaint advised Scannell and King that the property was subject to judgment and sale on or after December 2, 2014. The order authorizing sale was issued on January 30, 2015. Notice of sale was delivered to Scannell and posted publicly in March of 2015. Scannell and King did not seek relief until January 21, 2016, nine months after the property was sold to a third party. Such a delay was not reasonable under the circumstances.

The trial court properly denied the motion for relief from the foreclosure and order of sale.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, J.

Spearman, J.

2018 APR 30 AH 9: 17

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

7