IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JUSTIN CARLSON, | No. 83677-3-I |
| Appellant, | DIVISION ONE |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | UNPUBLISHED OPINION |
| Respondent. | |

BOWMAN, J. — Justin Carlson appeals the review decision and final order of the Department of Social and Health Services (DSHS) Board of Appeals (BOA), which denied his petition for review of an initial order as untimely. Because we conclude the BOA properly determined that Carlson failed to show good cause for his late filing, we affirm.

FACTS

On December 14, 2020, DSHS' Adult Protective Services (APS) division issued a substantiated initial finding letter notifying Carlson of its determination that he more likely than not financially and personally exploited a vulnerable adult. The letter informed Carlson that he had a right to challenge the initial findings by requesting an administrative hearing with the Office of Administrative Hearings (OAH). The letter also told Carlson that under former WAC 388-71-

Citations and pin cites are based on the Westlaw online version of the cited material.

01240(1) (2016),[1] OAH "must receive the written request no later than 5:00 p.m. on the thirtieth (30th) calendar day from the mailing date on this letter of notice." DSHS mailed the letter to Carlson's last known address. Carlson no longer lived at that address but acknowledged the post office forwarded the letter to his new mailing address and he received it "some time in December 2020."

The 30-day deadline to request an administrative hearing was January 13, 2021. On that day, Carlson faxed a request for hearing to OAH using his employer's fax machine at Outdoor Emporium. The printed fax header showed that OAH received the request from Outdoor Emporium at 6:54 p.m. on January 13, 2021, well past the 5:00 p.m. deadline. OAH stamped the hearing request as received on the next business day, January 14, 2021.

On March 5, 2021, DSHS moved to dismiss Carlson's hearing request because it was untimely. Carlson responded to the motion and represented himself at the hearing on April 23, 2021. On May 26, 2021, an administrative law judge (ALJ) issued an initial order concluding that Carlson's hearing request was untimely and granting DSHS' motion to dismiss.

Fifty days later on July 15, 2021, through counsel, Carlson petitioned for review of the ALJ's initial order to the BOA. Carlson acknowledged that under WAC 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(1), the BOA must receive a petition for review within 21 days of the date of service of the initial order to be timely. But he pointed out that under WAC 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(3), the BOA may accept a late petition if the party files

---

[1] Effective July 1, 2021, DSHS created a new chapter for all APS related subject matter under former chapter 388-71 WAC. Wash. St. Reg. 21-11-108; see ch. 388-103 WAC. Because the events at issue took place before the recodification, this opinion references former chapter 388-71 WAC when applicable.

it within 30 days of the 21-day deadline and shows good cause. Carlson argued newly discovered evidence related to his late hearing request established good cause under CR 60(b)(3) for the BOA to consider his untimely petition. Carlson submitted a declaration stating that after the ALJ entered the initial order, "I came to suspect that the 6:54 PM time stamp . . . did not accurately reflect the time that I sent off the fax" requesting an administrative hearing. He claimed that "despite reasonable diligence," he was "not able to earlier identify and compile these documents" because of "normal work duties and limitations on access to records." Carlson also argued that he was only recently able to obtain the funds necessary to retain counsel to assist with the petition and that this amounted to an "unavoidable misfortune that impaired his ability to adequately respond" to DSHS' motion to dismiss.

On September 14, 2021, a BOA review judge issued a final order denying Carlson's request for review. The review judge concluded that Carlson did not establish good cause for his untimely petition because he could not show a "barrier/situation/reason" sufficient to explain why he did not discover the new evidence before the filing deadline. The review judge further concluded that Carlson's inability to hire counsel did not preclude him from requesting review of the initial order without counsel or timely contacting the BOA to request an extension of the filing period.

Carlson timely petitioned for judicial review of the initial and final orders in superior court. Based on the parties' stipulation, the superior court certified and transferred the matter to this court.

3

ANALYSIS

Carlson contends that the BOA and ALJ erred in determining that he did not timely request a hearing on APS' determination that he more likely than not financially and personally exploited a vulnerable adult.[2]  We disagree.

The Washington Administrative Procedure Act (WAPA), chapter 34.05 RCW, governs judicial review of a final agency action.  Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993); see RCW 34.05.570.  "[T]his court sits in the same position as the superior court, applying the standards of the WAPA directly to the record before the agency."  Tapper, 122 Wn.2d at 402. Under WAPA, "we may grant relief from an agency order for any one of nine reasons set forth in RCW 34.05.570(3)(a)-(i)."  Am. Fed'n of Teachers, Local 1950 v. Pub. Emp't Relations Comm'n, 18 Wn. App. 2d 914, 921, 493 P.3d 1212 (2021), review denied sub nom. Am. Fed'n of Teachers v. Shoreline Cmty. Coll., 198 Wn.2d 1038, 501 P.3d 146 (2022).

> Unless we determine that a statute or agency rule is constitutionally infirm or otherwise invalid, our [W]APA review of an agency determination is limited to deciding if the decision is based on an error of law, the order is not supported by substantial evidence, or the order is arbitrary and capricious.

Campbell v. Emp't Sec. Dep't, 180 Wn.2d 566, 571, 326 P.3d 713 (2014) (citing RCW 34.05.570(3)(a)-(i)).

---

[2] We review the BOA's final decision, not the underlying initial order.  Verizon Nw., Inc. v. Emp't Sec. Dep't, 164 Wn.2d 909, 915, 194 P.3d 255 (2008).  Accordingly, we do not consider Carlson's challenge to the ALJ's initial order.

We review questions of law and an agency's application of the law to the facts de novo. Cornelius v. Dep't of Ecology, 182 Wn.2d 574, 585, 344 P.3d 199 (2015). We treat unchallenged findings of fact as verities on appeal and will not make witness credibility determinations. Tapper, 122 Wn.2d at 407; US W. Commc'ns, Inc. v. Utils. & Transp. Comm'n, 134 Wn.2d 48, 62, 949 P.2d 1321 (1997). As the party challenging the agency action, Carlson bears the burden of demonstrating the invalidity of the agency's decision. RCW 34.05.570(1)(a).

Good Cause

Carlson argues that the BOA erred in concluding that he failed to show good cause for missing the filing deadline. He asserts WAPA warrants relief under RCW 34.05.570(3)(c) (a court will grant relief from an agency order if "[t]he agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure") and (d) ("[t]he agency has erroneously interpreted or applied the law"). We disagree.

A person accused of abusing or neglecting a vulnerable adult has the right to seek review of APS' determination. Former WAC 388-71-01235 (2016). However, "[f]ailure of a party to file an application for an adjudicative proceeding within the time limit or limits established by statute or agency rule constitutes a default and results in the loss of that party's right to an adjudicative proceeding." RCW 34.05.440(1). The BOA may review an untimely petition if the petitioner shows good cause for missing the deadline. WAC 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(3)(b). WAC 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(1) defines "good cause" as "a substantial reason or legal justification for failing to appear, to act, or respond to an action." "To show good

cause, the ALJ must find that a party had a good reason for what they did or did not do, using the provisions of Superior Court Civil Rule 60 as a guideline." Id. CR 60(b) lists the reasons justifying relief from a final order.

Carlson argues that "the most important" ground for relief is his newly discovered evidence. Under CR 60(b)(3), a party may seek relief from an order with newly discovered evidence that "by due diligence could not have been discovered in time to move for a new trial." Carlson contends that the BOA "totally ignored the explanatory statements" in his declaration and that the final order fails to mention or analyze CR 60. However, the final order expressly states that Carlson could have obtained his "newly discovered evidence" anytime in the six months between January 13, 2021 (the date he sent the fax) and June 16, 2021 (the deadline to timely petition for review) and that he failed to show any due diligence. Thus, the BOA concluded, Carlson "asserted no barrier/situation/ reason outside of his control that prevented him from timely filing his Petition for Review, or from timely contacting the BOA to request an extension in the timely filing period."[3] Nothing in Carlson's declaration refutes this conclusion.

Carlson relies on CR 60(b)(9) ("[u]navoidable casualty or misfortune") to further argue that his lack of legal training and initial inability to retain counsel prevented him from timely filing a petition. Relief under CR 60(b)(9) is justified if "events beyond a party's control—such as a serious illness, accident, natural disaster, or similar event—prevent[ ] the party from taking actions to pursue or

---

[3] Formatting omitted.

6

defend the case." Stanley v. Cole, 157 Wn. App. 873, 881-82, 239 P.3d 611 (2010). But courts "hold pro se litigants to the same standards as attorneys." Winter v. Dep't of Soc. & Health Servs., 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020) (citing In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993)), review denied, 196 Wn.2d 1025, 475 P.3d 565 (2020). Carlson's lack of experience and inability to hire counsel do not justify relief under CR 60(b)(9).

Carlson also argues that the inaccurate time stamp on the fax affords relief under CR 60(b)(11)'s provision for "[a]ny other reason justifying relief from the operation of the judgment." But CR 60(b)(11) "is a catch-all provision" meant "to serve the ends of justice" in only "extreme, unexpected situations." State v. Ward, 125 Wn. App. 374, 379, 104 P.3d 751 (2005). " 'To vacate a judgment under CR 60(b)(11), the case must involve 'extraordinary circumstances,' which constitute irregularities extraneous to the proceeding.' " Union Bank, N.A. v. Vanderhoek Assocs., LLC, 191 Wn. App. 836, 845, 365 P.3d 223 (2015)[4] (quoting Ward, 125 Wn. App. at 379). Carlson's claims about the accuracy of the time stamp do not meet this standard.

Substantial Evidence

Carlson next argues that substantial evidence does not support finding of fact 9,[5] which states that OAH received his request for an administrative hearing on January 14, 2021. See RCW 34.05.570(3)(e) (A court will grant relief from an

---

[4] Internal quotation marks omitted.

[5] We consider Carlson's challenge to finding of fact 9 in the final order, not the initial order.

agency order if "[t]he order is not supported by evidence that is substantial when viewed in light of the whole record before the court."). "Evidence is substantial if it is of sufficient quantity to persuade a fair-minded person of the truth or correctness of the agency order." Hahn v. Dep't of Ret. Sys., 137 Wn. App. 933, 939, 155 P.3d 177 (2007).

It is uncontroverted that OAH received Carlson's faxed hearing request bearing the printed heading, "Jan 13 2021 06:54PM OUTDOOR EMPORIUM 2064671840." This evidence establishes that OAH received the fax after the 5:00 p.m. filing deadline. Carlson argues that his sworn declaration stating that he "sent off the fax to OAH before 5:00 PM on January 13, 2021" establishes that it was timely. But even accepting this factual assertion as true, it does not disprove that the fax did not actually go through until 6:54 p.m. Substantial evidence supports finding of fact 9.

Inconsistent with Rules

Next, Carlson argues that the final order is inconsistent with DSHS rules. See RCW 34.05.570(3)(h) (A court will grant relief from an agency order if "[t]he order is inconsistent with a rule of the agency unless the agency explains the inconsistency by stating facts and reasons to demonstrate a rational basis for inconsistency."). He contends that the BOA's "erroneous and arbitrarily limited" interpretation of WAC 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(1)'s definition of "good cause" was inconsistent with the plain language of the rule. However, as discussed above, the BOA properly concluded that Carlson did not show good cause.

8

Carlson further contends that the final order "implicitly adopted" the ALJ's initial order, "pertinent conclusions of which were inconsistent with WAC 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 and former WAC 388-71-01245" (2016). But because the BOA determined that Carlson's petition was untimely, it dismissed the petition without reviewing the ALJ's findings and conclusions. RCW 34.05.570(3)(h) does not warrant relief.

Procedural Due Process

Carlson next argues that the BOA's final order denied him due process of law by depriving him of the opportunity for a fair hearing on the merits of DSHS' exploitation findings because the findings "imposed a permanent stigma that alters [his] eligibility to exercise rights under state law or to work in a chosen field." See RCW 34.05.570(3)(a) (A court will grant relief from an agency order if "[t]he order, or the statute or rule on which the order is based, is in violation of constitutional provisions on its face or as applied."). We disagree.

The due process clause of the Fourteenth Amendment to the United States Constitution provides that no state may "deprive any person of life, liberty, or property, without due process of law." " '[P]rocedural due process requires that an individual receive notice of the deprivation and an opportunity to be heard to guard against erroneous deprivation' of a protected interest." Fields v. Dep't of Early Learning, 193 Wn.2d 36, 44, 434 P.3d 999 (2019)[6] (quoting Amunrud v. Bd. of Appeals, 158 Wn.2d 208, 216, 143 P.3d 571 (2006), abrogated on other

---

[6] Alteration in original.

9

grounds by Yim v. City of Seattle, 194 Wn.2d 682, 451 P.3d 694 (2019)).  Courts "consider constitutional requirements of due process when the State takes action that could prevent an individual from working in his or her chosen field including by harming an individual's standing in the community."  Ryan v. Dep't of Soc. & Health Servs., 171 Wn. App. 454, 471, 287 P.3d 629 (2012).

The record shows that Carlson had notice and an opportunity for a review hearing.  APS sent Carlson notice of its findings of financial and personal exploitation and told him how to request an administrative hearing to challenge the findings.  It is undisputed that Carlson received the letter sometime during December 2020, well before the January 13, 2021 deadline to request a hearing. The BOA considered and rejected Carlson's arguments for good cause to file an untimely petition for review pursuant to WAC 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 and CR 60(b).  The BOA's decision did not deny him due process.

Arbitrary and Capricious

Carlson lastly argues that the final order is arbitrary and capricious.  As used in RCW 34.05.570(3)(i), "arbitrary and capricious" means

> "willful and unreasoning action, taken without regard to or consideration of the facts and circumstances surrounding the action.  Where there is room for two opinions, an action taken after due consideration is not arbitrary and capricious even though a reviewing court may believe it to be erroneous."

City of Redmond v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd., 136 Wn.2d 38, 46-47, 959 P.2d 1091 (1998) (quoting Kendall v. Douglas, Grant, Lincoln & Okanogan Counties Pub. Hosp. Dist. No. 6, 118 Wn.2d 1, 14, 820 P.2d 497 (1991)).  The reviewing court " 'will not set aside a discretionary decision absent

a clear showing of abuse.' " <u>ARCO Prods. Co. v. Wash. Utils. & Transp.</u> <u>Comm'n</u>, 125 Wn.2d 805, 812, 888 P.2d 728 (1995) (quoting <u>Jensen v. Dep't of</u> <u>Ecology</u>, 102 Wn.2d 109, 113, 685 P.2d 1068 (1984)).

Carlson argues that the final order is arbitrary and capricious because the BOA (1) dismissed his hearing request even though he made it timely "or was only late by a de minimis and non-prejudicial amount," (2) dismissed his petition "based on unsworn documents and information," (3) disregarded and misinterpreted procedural rules, and (4) arbitrarily refused "to consider newly discovered evidence and follow applicable law." We disagree. Because Carlson filed an untimely petition for review, he had to establish good cause before the BOA could consider his petition. As discussed above, the BOA did not err in finding no good cause for the late petition. So it rejected the petition and the ALJ's initial decision became the final administrative decision in the matter. The BOA's final order is not arbitrary or capricious.

<u>Attorney Fees</u>

Carlson requests an award of attorney fees and costs under RAP 18.1 and the equal access to justice act (EAJA), RCW 4.84.340. Under RAP 18.1(a), we may award reasonable attorney fees to the prevailing party on appeal if allowed under applicable law. The EAJA requires a court to "award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award

11

unjust." RCW 4.84.350(1). Because Carlson does not prevail, we deny his request for attorney fees and costs.

Affirmed.

Brunner, J

WE CONCUR:

Chung, J.

Dwyer, J.