IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of STEVEN L. POLLARD, | No. 85667-7-I |
| Respondent, | |
| and | UNPUBLISHED OPINION |
| STEPHANIE M. POLLARD, | |
| Appellant. | |

BOWMAN, J. — Stephanie Pollard appeals the trial court's denial of her motion to vacate portions of its final divorce order under CR 60(b)(4) and (11), arguing that Steven Pollard misrepresented the extent of his retirement benefits. Because the trial court did not apply the correct legal standard under CR 60(b)(4), we reverse and remand for further proceedings on that issue. We affirm denial of the motion to vacate under CR 60(b)(11) and defer imposing appellate attorney fees and costs to the trial court.

FACTS

Stephanie and Steven[1] married in March 2005 in Las Vegas, Nevada. During their marriage, Stephanie worked as a dental hygienist. Steven worked as an electrician, accumulating retirement benefits in two pensions and an annuity. Stephanie and Steven separated in November 2016 and Steven petitioned for divorce in May 2017 in Wahkiakum County. Both parties represented themselves.

---

[1] We refer to Steven Pollard and Stephanie Pollard by their first names for clarity. We mean no disrespect.

They submitted a stipulated final divorce order and agreed findings and conclusions to the court, which the court entered in August 2017.[2]

The final divorce order allocated as assets to Steven the marital home, a vehicle, and "[a]ll other items except as other awarded to [Stephanie]."  And the order allocated to Stephanie half of the equity in the marital home, a vehicle, certain personal property items, and 50 percent of Steven's "pension accumulated while married."[3]  It did not identify as an asset or specifically award to either party Steven's second pension or the annuity.

In February 2021, Stephanie moved to vacate under CR 60(b)(4) and (11) the portions of the final divorce order related to the parties' financial assets and debts.  Stephanie argued that Steven fraudulently concealed his annuity and second pension, warranting relief under CR 60(b)(4), and that his misrepresentation led to an unjust and inequitable division of assets, warranting relief under CR 60(b)(11).  Stephanie asked for attorney fees for bringing the motion to vacate.

Stephanie submitted a declaration with her motion.  In her declaration, Stephanie says:

> In the divorce, I believed that I would receive half of Steve[n]'s annuity, which is the only retirement asset I knew of at the time.  The divorce order refers to a "pension," but I thought that just meant "retirement" generally — I didn't know there was a difference between a pension and an annuity.

She explains that "[d]uring our marriage, I remember seeing statements related to

---

[2] Despite living in King County, the parties filed for dissolution in Wahkiakum County because it does not require personal appearance before entering a stipulated final divorce order.  *See* PACIFIC & WAHKIAKUM COUNTIES SUPER. CT. LOCAL CIV. R. 9.

[3] The final divorce order also allocated the outstanding mortgage obligation and about $40,000 in credit card debt to Steven and a $30,000 vehicle loan to Stephanie.  It did not award a money judgment to either party.

Steve[n]'s annuity arrive in the mail. I didn't know that he also had pensions." And she says that in early 2020, she discovered that an annuity is different from a pension, so she contacted Steven to request that they divide the annuity.

Steven objected to the motion to vacate. He argued that Stephanie's motion was untimely and that she "has not shown the necessary 'extraordinary circumstances' justifying relief." Steven also requested attorney fees, arguing that Stephanie's motion to vacate was frivolous.

Steven submitted a declaration in which he says that Stephanie knew about the annuity and pensions because she took care of their finances during the marriage. He declares that he and Stephanie "spent a lot of time negotiating the final order in this case," that "she knew she was getting half the pension," and that she "knew the difference between" the two pensions and the annuity.

The court denied Stephanie's motion to vacate. It ruled that the final divorce order awarded to Steven as personal property "[a]ll other items except as other awarded to [Stephanie]," and because Steven's annuity was not awarded to Stephanie elsewhere in the order, it was included in the "[all] other items" clause. The court declined to "make a factual determination of the intent of the parties outside of the orders they agreed to" because "[f]inal orders were entered nearly four years ago." The court denied attorney fees for both parties.

Stephanie appeals.

## ANALYSIS

Stephanie argues the trial court erred by denying her motion to vacate under CR 60(b)(4) and (11). Both parties request attorney fees and costs on appeal.

3

1. <u>CR 60(b)</u>

Under CR 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for "(4) [f]raud . . . , misrepresentation, or other misconduct of an adverse party" or "(11) [a]ny other reason justifying relief from the operation of the judgment."[4]  The party seeking relief bears the burden of showing relief is warranted.  *See Fowler v. Johnson*, 167 Wn. App. 596, 605, 273 P.3d 1042 (2012) (defaulting party must demonstrate at least a prima facie defense to the claim asserted by the opposing party).

We generally review a trial court's decision on a CR 60(b) motion for an abuse of discretion.  *In re Marriage of Bresnahan*, 21 Wn. App. 2d 385, 406, 505 P.3d 1218 (2022).  A court abuses its discretion if it makes its ruling on untenable grounds or for untenable reasons or bases its ruling on an erroneous view of the law.  *Id.*

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.

*In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

A. <u>CR 60(b)(4)</u>

Stephanie argues that the trial court abused its discretion by applying the incorrect legal standard to her CR 60(b)(4) motion.  We agree.

---

[4] Stephanie did not move to vacate under the other subsections of CR 60(b).

To prevail on a CR 60(b)(4) motion, the moving party must establish by clear and convincing evidence that the adverse party's fraudulent conduct or misrepresentations caused the entry of the judgment. *Bresnahan*, 21 Wn. App. 2d at 406. "Clear and convincing evidence is evidence showing that a fact is 'highly probable.' " *Id.* A petitioner can establish fraudulent concealment or misrepresentation by either (1) affirmatively pleading and proving the nine elements of fraud[5] or (2) showing that the respondent breached an affirmative duty to disclose a material fact. *Crisman v. Crisman*, 85 Wn. App. 15, 21, 931 P.2d 163 (1997). When a duty to disclose exists, the suppression of a material fact amounts to misrepresentation. *Id.* at 22.

Spouses owe each other the highest fiduciary duty. *Peters v. Skalman*, 27 Wn. App. 247, 251, 617 P.2d 448 (1980). Part of this fiduciary duty requires spouses to disclose all community and separate property before and during dissolution.[6] *Seals v. Seals*, 22 Wn. App. 652, 655-56, 590 P.2d 1301 (1979). "The full disclosure mandated by the fiduciary relationship assumes that one party has information which the other needs to know to protect [their] interests*." In re Marriage of Burkey*, 36 Wn. App. 487, 490, 675 P.2d 619 (1984). Spouses need

---

[5] To establish fraud, a moving party must show (1) a representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his or her intent that it should be acted on by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) his or her right to rely on it, and (9) the consequent damage. *N. Pac. Plywood, Inc. v. Access Rd. Builders, Inc.*, 29 Wn. App. 228, 232, 628 P.2d 482 (1981).

[6] Spouses in a dissolution proceeding also have a duty to inform the court of their assets so it can make a just and equitable distribution of property under RCW 26.09.080. *Bresnahan*, 21 Wn. App. 2d at 404; *In re Marriage of Wright*, 179 Wn. App. 257, 261, 319 P.3d 45 (2013). Stephanie argued below that Steven breached this duty to the court but does not argue the issue on appeal. So, we do not address it.

not know the exact financial status of the other spouse. *Friedlander v. Friedlander*, 80 Wn.2d 293, 302, 494 P.2d 208 (1972). But the parties must sufficiently disclose assets such that they "can intelligently determine" whether to enter into settlement agreements and not be "prejudiced by the lack of information." *In re Marriage of Cohn*, 18 Wn. App. 502, 507, 569 P.2d 79 (1977).

Stephanie argues she is entitled to relief under CR 60(b)(4) because Steven violated his fiduciary duty by failing to disclose to her his second pension and annuity. Steven denies the allegation. Each party filed competing declarations with the trial court. CR 60(b)(4) requires the trial court to resolve the disputed issues of fact and determine whether Steven committed fraud, misrepresentation, or misconduct. But the court sidestepped the issue by concluding the property went to Steven under a catch-all provision in the final divorce order.[7] Because the court applied the incorrect legal standard to Stephanie's motion to vacate under CR 60(b)(4), it abused its discretion, and we reverse and remand for the trial court to resolve the disputed facts and rule on that issue.

B. CR 60(b)(11)

Stephanie argues that the trial court erred by denying her motion to vacate under CR 60(b)(11). We disagree.

A trial court may vacate a judgment under CR 60(b)(11) for any reason "justifying relief from the operation of the judgment." But relief under CR 60(b)(11) is " 'confined to situations involving extraordinary circumstances not covered by any

---

[7] It appears the trial court may have treated the motion to vacate as a request to partition personal property. "Property undisposed of by a dissolution action becomes property held by the former spouses as tenants in common." *Seals*, 22 Wn. App. at 655. Partition is an equitable action that allows the trial court to dispose of property held by tenants in common. *See Kelsey v. Kelsey*, 179 Wn. App. 360, 365, 317 P.3d 1096 (2014).

other section of the rule.' " *In re Marriage of Tang*, 57 Wn. App. 648, 655, 789 P.2d 118 (1990)[8] (quoting *In re Marriage of Yearout*, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985)). That is, we apply CR 60(b)(11) "to serve the ends of justice in [only] extreme, unexpected situations." *State v. Ward*, 125 Wn. App. 374, 379, 104 P.3d 751 (2005).

Stephanie argues that she is entitled to relief for extraordinary circumstances because Steven's failure to disclose his retirement assets rendered the stipulated dissolution orders unfair at the time the court entered them. But Stephanie's argument turns on Steven's alleged misrepresentation. As a result, it falls under CR 60(b)(4), not (11). And alone, a party's assertion that a separation agreement is unfair does not amount to extraordinary circumstances. *Yearout*, 41 Wn. App. at 902. The trial court did not err by denying Stephanie's motion to vacate under CR 60(b)(11).

2. Appellate Attorney Fees and Costs

Both Stephanie and Steven ask for attorney fees and costs on appeal under RCW 26.09.140.[9] RAP 18.1(a) permits a party to request attorney fees and expenses on appeal where applicable law grants them that right. Under RCW 26.09.140, an appellate court "may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs" in dissolution proceedings. But because we reverse and remand for the trial court to resolve the competing declarations and rule on the CR 60(b)(4)

---

[8] Internal quotation marks omitted.

[9] Steven also asks for attorney fees under RAP 18.9(a), arguing Stephanie's appeal is frivolous. Because her appeal is not frivolous, we deny his request for attorney fees under RAP 18.9(a).

motion to vacate, we defer any award of appellate attorney fees and costs to the trial court. *See Riehl v. Foodmaker, Inc.*, 152 Wn.2d 138, 153, 94 P.3d 930 (2004) ("[w]here a party has succeeded on appeal but has not yet prevailed on the merits, [we] should defer to the trial court to award attorney fees"), *abrogated on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas County*, 189 Wn.2d 516, 404 P.3d 464 (2017).

We reverse the trial court's denial of Stephanie's motion to vacate under CR 60(b)(4) and remand for the court to resolve the disputed facts and rule on that issue, affirm the trial court's denial of the motion to vacate under CR 60(b)(11), and defer the award of appellate attorney fees and costs to the trial court.

_____
Brenner, J.

WE CONCUR:


_____          _____
Chung, J.                                  Mann, J.